The opinion of the Court was delivered by
Parsons, C. J.
It is objected to the verdict, that it is found tor the plaintiff on the breach of a contract touching the sale of lands, and so is within the statute of frauds, and that the contract declared on was proved only by paroi evidence.
It is answered by the plaintiff, that when a contract within the statute is lawfully rescinded, either party may demand of the other the repayment of money advanced, or the return of any thing delivered under the contract, and may support such demand by paroi evidence.
This position is generally true; and in this case, had the plaintiff advanced money to the defendant, or delivered him as bailiff a deed for safe custody, an action would have lain for the money or deed, or even trover for the deed, and paroi evidence would support such action. For the original bargain may fall through, because one of the parties fraudulently refuses to have a written memorandum of it signed by him.
If the deed to be returned by Fuller was in his custody as bailiff this principle would apply, and the verdict would be good. But this is not the case. The laud was conveyed to Fuller by Make-peace, and the deed delivered to the former as evidence of his title; although he promised by paroi, that he would return it unrecorded, if the contract was rescinded; and on the return and cancelling of tire deed, it was understood that he would be divested of the *104 land (a). A promise to return a deed under such circumstances is, in our opinion, a promise concerning the sale of lands, as the title to the lands was intended to be changed by the performance of the promise. This promise cannot, therefore, be proved by [ * 139 ] paroi evidence. This defect of written evidence * cannot be aided by the receipt in writing; for that instrument proves a contract to account for money, and the paroi evidence, given to explain it, either contradicts the contract declared on, or materially varies it.
As the justice of the case is with the plaintiff, we see no reason why he may not declare on the receipt, as on a promise to pay money. The verdict must be set aside, and a new trial granted, with leave for the plaintiff to amend on payment of costs.

 But the return and cancelling of the deed would not revest thp estate. Marshall vs. Fiske, 6 Mass. 24. — Hatch vs. Hatch, 9 Mass. 307. — Conway vs. Deerfield, 11 Mass 327. — Davis vs. Spooner, 3 Pick. 327.