## JAMES W. REID *vs.* JOHN STEVENS.

Suffolk. March 7. — April 5, 1876. COLT & LORD, JJ., absent.

An allegation that the " defendant made a contract in writing " is not supported by evidence of a contract not signed by the defendant, and the objection of variance is open to the defendant, although he does not set up the statute of frauds in his answer.

CONTRACT for services rendered by the plaintiff to the defendant. The declaration alleged that the defendant made with the plaintiff " a certain contract in writing." Answer, a general denial.

At the trial in the Superior Court, before *Bacon,* J., the plaintiff put in evidence, to prove the contract declared upon, a diary produced by the defendant on notice, in which was written in the defendant's handwriting, under date of February 17, 1872, " Made a bargain with James W. Reid to work in office as student for two years from the first day of February, 1872, to February 1, 1874, on the following terms, viz. : first three months without any pay whatever ; next three months, five dollars a week; next three months, six dollars a week ; and the next three months, eight dollars a week; and for the first three months in the second year, nine dollars and fifty cents a week ; next three, eleven dollars a week ; next three months, twelve dollars and fifty cents a week; and the last and eighth three months, fourteen dollars a week, payable once a week, at the above rates, until otherwise agreed upon. The above terms I fully agree to. J. W. Reid."

The signature of the defendant was not attached to the writing, and his name nowhere appeared in the book containing it.

It was in evidence that the plaintiff worked until December 31, 1873, and did no work from that time until the end of his contract. There was conflicting evidence as to whether the plaintiff voluntarily terminated his employment on December 31, 1873, or by reason of the defendant's refusal to continue the same. The plaintiff claimed payment for the full time of the contract. The defendant offered him judgment for services rendered to December 31, 1873.

At the close of the evidence, the defendant asked the judge to rule that the plaintiff could not recover upon this declaration, he having alleged a contract within the statute of frauds, and the evidence not supporting his allegation of a contract in writing by the defendant; but the court ruled that this objection was not open to the defendant, under the answer.

The jury returned a verdict for the plaintiff, for the full amount claimed by him ; and the defendant alleged exceptions.

*F. S. Hesseltine,* for the defendant.

*M. A. Blaisdell,* for the plaintiff.

GRAY, C. J. The allegation in the declaration, that the defendant made a contract in writing, was denied in the answer, and was not supported by evidence of a contract not signed by the defendant. The objection of variance was open to the defendant, although he had not set up the statute of frauds. The case is thus distinguished from *Middlesex Co.* v. *Osgood,* 4 Gray, 447.                    *Exceptions sustained.*