## WILLIAM BEARD *et al.*

### *v.*

### HENRY CONVERSE.

1. STATUTE OF FRAUDS—*must be pleaded.* The general rule is, that if a party would avail of the Statute of Frauds as a defense, he must plead it.

2. SAME—*when may be availed of under general issue.* Where a party declares only on the common counts, and seeks to recover for the agreed price of realty, or any other consideration for a contract within the Statute of Frauds, it is competent to rely on that statute as a defense without pleading it, and advantage may be taken of it, on the evidence, under the general issue.

3. SAME—*whether contract within the statute.* Where a party agrees with the owner of land to pay to him a certain sum of money in consideration that he will donate the land to a third party and induce such third party to enter into a contract with the first named party to purchase coal from him, and the owner does donate the land and procure such contract, the real consideration for the contract to pay the money is, pro-

curing such contract to buy coal, and not the agreement to donate the land; and, on a suit for the recovery of the money so to be paid, the question of the Statute of Frauds does not arise.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

The declaration is in assumpsit, and contains only a single special count, in which it is alleged, in consideration of the donation by plaintiff to the " Springfield Iron Company " of certain lands as a location for "steel works" then and there to be constructed, and that that company would take and receive from defendants all the coal that might be necessary to be used in and about the steel works of the iron company, soon to be constructed, upon the same terms and for the same length of time as provided in contracts then existing between defendants and the iron company for furnishing and receiving coal to that company, defendants would pay plaintiff a large sum of money, to-wit: $2000. Only the general issue was pleaded, but the bill of exceptions shows defendants, among other defenses, relied upon the Statute of Frauds. The cause was tried before the court without a jury, who found the issues for plaintiff, and rendered judgment in his favor in the sum of $1125. All evidence taken was submitted subject to any just exception as to its competency. Defendants bring the cause to this court on appeal.

Evidence in the record shows a contract, in substance the same as the one declared on, was made between plaintiff and defendants, and that defendants deposited with the secretary of the iron company a check and notes for the sum of $1125, the amount agreed upon to be paid, to be delivered when the deed should be delivered, and the contract to take coal signed by the respective parties in interest. But defendants refused to sign the written contract prepared, because it contained a clause giving plaintiff the same right to sue defendants, for any breach of the original contract to furnish coal, that the iron company had. Whether the order to deliver the check and notes was countermanded before plaintiff made the deed

33—84TH ILL.

for the land to the iron company, is left in some doubt, but most probably it was before the deed was actually delivered. The iron company insisted on the fulfillment of the contract, and plaintiff made the deed, relying, perhaps, on the promise of defendants to pay the sum agreed upon, under the belief, as one of the witnesses expresses it, "they would not be mean enough to refuse to pay." Plaintiff owned the mines worked by defendants, was to receive a royalty upon all the coal taken, and that was his interest in the contract.

Messrs. STUART, EDWARDS & BROWN, for the appellants.

Messrs. JOHN M. & JOHN MAYO PALMER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The making of a contract with plaintiff to pay him a certain sum if he would deed to the iron company what land they wanted as a location for steel works to be constructed, and secure from that company an agreement to take from defendants coal, in such quantities as might be required for the additional works of the company, upon the same terms and for the same period as specified in the original agreement between the parties, is not denied, but defendants maintain they are exonerated from performing it by reason of that provision, which plaintiff insisted upon having in the written agreement, which gave him the same right to sue, for his own use, for any breach of the contract, that the iron company had. We do not understand how that clause in the written agreement in any manner affected the rights of defendants, under the contract. They were bound, at all events, to perform the agreement, and, for any failure, the iron company could maintain an action. The iron company declined to have a provision inserted that would make it obligatory upon the company to prosecute defendants for any failure to deliver coal under the original as well as under the new agreement. Without some guaranty the contract would be performed, it was no object for plaintiff to part with his lands on the terms agreed upon.

His remuneration was to arise out of the royalty he would receive for coals consumed by the iron company, not only for the original works, but for the steel works to be erected. The clause which plaintiff desired to have in the written agreement imposed no additional burden upon defendants, nor did it in any manner enlarge or vary the terms of their contract with plaintiff. The contract obligated the "iron company" to "take" coal from defendants, upon certain terms and for a definite length of time, and it is very doubtful whether the clause added is anything more than an expression of the law as to the obligation of the iron company under the contracts. Good faith would make it imperative upon the iron company to compel defendants to perform their agreement to deliver coal, that plaintiff might have the benefit of the royalty. The effect of the additional clause was simply to secure to plaintiff the same right the iron company had, in the event of a failure on the part of defendants to furnish the requisite amount of coal, to "bring suit at his own proper costs and expenses" for such neglect. That was a matter between the iron company and plaintiff, in which defendants had no interest. Independently of that clause of the agreement, they were liable to be sued for a breach of the contract, in the name of the iron company, for the use of any party injured, and it can make no difference to them at whose "costs and expenses" the suit may be brought.

Some discussion has been had on the question, whether a party may avail of the benefit of the Statute of Frauds under the general issue; but we will not enter upon the consideration of that question now, further than to say it is a misapprehension to suppose the decisions of this court are conflicting on that question. A close analysis will show they are entirely harmonious. The general rule, if a party would avail of the Statute of Frauds as a defense, he must plead it, has always been adhered to in this State. The reason for the rule is obvious, for a contract within the Statute of Frauds is not absolutely void, but only voidable, at the election of the party against whom it is sought to be enforced. Where such a con-

tract is declared on, if a party fails to plead the Statute of Frauds he will be deemed to have waived it, and so this court has frequently ruled. *Lear* v. *Chouteau*, 23 Ill. 39; *Hull* v. *Peer*, 27 ib. 312; *C. and W. Coal Co.* v. *Liddell*, 69 ib. 639. But where a party declares only on the common counts, and seeks to recover for the agreed price of realty, or any other consideration for a contract within the Statute of Frauds, it is competent to rely on that statute as a defense without pleading it, and advantage may be taken of it, on the evidence, under the general issue; and this is a reasonable rule, for it could not be known before the evidence is heard that any contract within the Statute of Frauds will be proven or insisted upon. *Ruggles* v. *Gatton*, 50 Ill. 412; *Taylor* v. *Merrill*, 55 ib 52; *Meyers* v. *Schemp*, 67 ib. 469.

But, without reference to any practice in pleading, the question of the Statute of Frauds does not arise in the case. Parties to this litigation were not dealing in relation to real property. Defendants contracted with plaintiff to pay him a sum of money if he would procure for them a contract from the iron company, on the terms and for the length of time specified in another contract, to take such quantities of coal as would be necessary for the use of the steel works about to be constructed. Such a contract, plaintiff did procure for defendants. The consideration that passed from plaintiff to the iron company for that contract was land, but that was no concern of defendants. They never contracted with plaintiff for the land conveyed, or any interest in it. Their agreement was, to pay a definite sum of money for a contract of the iron company to take coal from them on the terms of their original agreement, which they deemed of value, and whether it was or not was their own concern. No valid reason is shown why they should not pay the price agreed upon.

There is no variance between the agreement declared on and the one proven. The amount defendants agreed to pay plaintiff was laid under the *videlicet*, and he was not bound to prove the exact sum stated.

Other questions of minor importance have been discussed, but, as they do not affect in any manner the merits of the case, we have not deemed it necessary to remark upon them.

The judgment will be affirmed.

*Judgment affirmed.*