58  841
72  923

### KATE METCALF v. A. S. BRANDON ET AL.

STATUTE OF FRAUDS. *Enforcement of trust.   Denial of contract.   Chancery pleading.*

Where the defendant's answer to a bill filed to enforce a parol trust in respect to land denies the existence of the contract alleged in the bill, the trust cannot be enforced, even though the defendant may have failed to set up in any way the Statute of Frauds. Such trust can only be enforced where the defendant admits, or at least does not deny, the contract, and also does not plead the Statute of Frauds.

APPEAL from the Chancery Court of Wilkinson County.
Hon. H. S. VAN EATON, Chancellor.
The case is sufficiently stated in the opinion of the court.
*D. C. Bramlett* and *Nugent & McWillie,* for the appellant.
It will be observed that the Statute of Frauds is not pleaded by the defendant. From the text of Brown on the Statute of Frauds (p. 484, sect. 508) we quote the following: "It is settled that he [the defendant] must by some regular pleading take advantage of it [the Statute of Frauds], and that if this is not done the court will not interpose it. The several methods of relying upon the statute seem to be these: by demurrer, plea of the general issue, by answer, and by special plea in bar." In support of this doctrine, see *Vaupell* v. *Woodward,* 2 Sandf. Ch. 143; *Harrison* v. *Harrison,* 1 Md. Ch. 331; *Thornton* v. *Vaughan,* 2 Scam. 218; *Burke* v. *Haley,* 2 Gilm. 614; *Talbot* v. *Bowen,* 1 A. K. Marsh. 436; *Trustees, etc.,* v. *Wright,* 12 Ill. 432; *Switzer* v. *Skiles,* 3 Gilm. 529; *Tarleton* v. *Vietes,* 1 Gilm. 470; *Osborn* v. *Endicott,* 6 Cal. 149; *Adams* v. *Patrick,* 30 Vt. 516; *Amburger* v. *Marvin,* 4 E. D. Smith, 393; *Lear* v. *Chouteau,* 23 Ill. 39; *Huffman* v. *Ackley,* 34

Mo. 277; *Rabsuhl* v. *Lack*, 35 Mo. 35; *Montgomery* v. *Edwards*, 46 Vt. 151.

*W. L. Nugent*, of counsel for the appellant, argued the case orally.

*C. P. Neilson*, for the appellees.

There was no error in the decree dismissing the bill. The conveyances fall clearly within the provisions of the Statute of Frauds, are void, and cannot be enforced. *Lantry* v. *Lantry*, 2 Am. Law Rep. 310; Hill on Tr. 167.

CHALMERS, C. J., delivered the opinion of the court.

Mrs. Metcalf alleges by her bill that her sister, Mrs. Brandon, holds the land in controversy by deed from their father, absolute upon its face, but accompanied by a parol trust that it shall be conveyed to herself. She prays that Mrs. Brandon may be compelled to make conveyance of the land in accordance with the trust under which she holds it. Mrs. Brandon does not by plea, answer, or demurrer, set up the Statute of Frauds, but by her answer denies that she holds the land in trust for Mrs. Metcalf. She answers, to the contrary, that she holds it in trust for brothers and other sisters, to whom she says she is entirely willing to convey it. Several witnesses were examined, whose testimony was conflicting as to who were to be the recipients of the deceased father's bounty.

Upon final hearing, the chancellor dismissed the bill as an attempt to fasten a parol trust upon land, in violation of the Statute of Frauds. It is insisted that this was erroneous, because the defendants have not invoked the benefit of the statute. It is well settled that, ordinarily, the Statute of Frauds, if desired to be availed of, must in some way be set up by the defendant. Brown on Stat. Fr. (2d ed.), sect. 508 *et seq.*

But, while this is true, it is still impossible for the court to enforce a parol contract which is denied by the defendant. It is only where the defendant admits the contract, or at

least fails to deny it, and also fails to set up the statute, that it can be enforced. If he admits it in writing, by pleadings over his signature, the terms of the statute are met, and the court will proceed to investigate and determine the further facts that he may set up in avoidance of it, as in other cases. So, also, where he fails to deny it, and instead of pleading the statute, relies upon other facts in avoidance of his contract, the same result will follow. But if, admitting the contract, he sets up the statute, or if, denying the contract, he puts the plaintiff to his proof, he must in either case prevail : in the first case, because the statute is an all-sufficient defence, though the facts be admitted ; in the second, because where the facts are denied, and the plaintiff is put to the proof, he must necessarily fail for want of proof which meets the requirements of the law. Even where there is a material variation in the contract as averred by the plaintiff and admitted by the defendant, there can be no recovery upon the admission, except upon an amended bill or declaration adopting the statement of the contract as admitted. *Harris* v. *Knickerbocker*, 5 Wend. 638 ; *Thompson* v. *Todd*, 1 Pet. 380 ; *Haight* v. *Child*, 34 Barb. 186 ; *Patterson* v. *Ware*, 10 Ala. (N. s.) 444 ; *Dean* v. *Dean*, 1 Stockt. 425.

Affirmed.