(10 Misc. Rep. 143.)

## CRAWFORD v. TYNG.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

1. PAYMENT—GENERAL DENIAL—PROOF.

An allegation of nonpayment, in a complaint to recover money, is not put in issue by a general denial, and plaintiff is therefore not required to prove it.

2. PLEADING—VARIANCE.

Where the complaint alleges a written promise by defendant to pay money sued for, plaintiff cannot recover on proof of a verbal promise.

Appeal from city court, general term.

Action by Erastus Crawford against Thomas M. Tyng to recover money alleged to have been loaned. From a judgment of the city court (27 N. Y. Supp. 424) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Jacob Fromme, for respondent.

DALY, C. J. This is an appeal from an affirmance by the city court, general term, of a judgment in favor of plaintiff for $1,000, with interest from October 5, 1888, and costs. The complaint was for money loaned and advanced, in divers sums, amounting to $1,000, on and previous to July 3, 1888, which it was alleged defendant on that day promised, in writing, to repay on the 5th day of October, 1888, and which defendant failed to pay. The answer admitted the advance of sums of money, amounting to $1,000, to be repaid on October 5, 1888, and averred that since that date it had been repaid by professional services rendered defendant, at his request, by plaintiff, which were worth $3,000, upon which $1,250 had been paid; and defendant counterclaimed $1,750. The answer also contained a denial of each and every averment in the complaint, except such as were specifically admitted. As there was no specific admission of the allegation of nonpayment, the defendant claims that that fact was put in issue by the denial, and that plaintiff was bound to prove it, and cites, in support of his contention, Knapp v. Roche, 94 N. Y. 329, and Lent v. Railway Co., 130 N. Y. 504, 29 N. E. 988. In the first case cited the allegation of nonpayment was in reference to the contract of a third party, whose default was alleged as the ground of defendant's liability; and so it was held that, under a general denial, nonpayment must be proved. In the second case cited the nonpayment was alleged of defendant's own contract to pay, and, while such allegation was held to be essential to the statement of a cause of action, the well-settled rule, that payment is an affirmative defense, was considered; and it was suggested that, while the averment of nonpayment was an issuable fact, a general denial "does not put that fact in issue, and to that extent the rule that payment must be pleaded must be deemed to modify the rule of pleading under the Code in reference to a general denial." As

the allegation of nonpayment was therefore not put in issue by de-- fendant's denial, it was not error for the court to deny the motion to dismiss the complaint on the ground that the plaintiff was bound.' to prove nonpayment of the loan.

But the denial in the answer put in issue the fact of a written. promise, as averred in the complaint, for the admission of an ad- vance of sums of money to be repaid on the 5th of October, 1888, was not a specific admission of a promise in writing made on the 3d. day of July, 1888, to that effect, and the plaintiff should have been required to make proof of his written instrument. The de- nial of the motion to dismiss the complaint, when the plaintiff rested,. without such proof, was therefore error. The injurious effect of the ruling, to the defendant, is unquestionable, for when the only writ- ten promise shown to have been executed by him to plaintiff was- produced by himself, and payment of the identical sum therein men- tioned, with interest, to plaintiff, was established, the latter claimed to recover for a different loan, not evidenced by any writing what- ever, and in fact not proved upon the trial. It is disputed by plain- tiff that the payment relied upon by defendant inured to his ben- efit, because it was made by a third party, not in privity with him.. But the written acknowledgment by plaintiff of such payment re- cites that it was made by defendant's request, and a payment so made inures to his benefit. Bank v. Pierce, 137 N. Y. 444, 448, 33 N. E. 557. The instrument executed by defendant, reciting his indebtedness, and .promising to pay the loan, was an assignment to plaintiff, as collateral security, of a mortgage made by one Green, to defendant, and this mortgage plaintiff afterwards assigned to one McGrath in consideration of the sum of $1,163.17 paid to him; the assignment stating that it was made at the request of the mort- gagee, defendant, and the mortgagor, Green. It appears, therefore,. that the debt which was evidenced by the writing had been repaid. As the payment in question, and the assignment of the mortgage,. were made after the issue was joined in the action, the defense of payment by that transaction was not set up in the answer, but the evidence was received without objection. The judgment should: be reversed, and a new trial ordered, with costs of the appeals and. the former trial to appellant, to abide the event. All concur.