## M. E. PEEVEY *v.* P. H. HAUGHTON.

1. STATUTE OF FRAUDS. *Contract to sell land. Not signed by vendee.*

    A written agreement for the sale of land is enforcible against the vendor who signed it, though neither the agreement nor any contract to pay the price was signed by the vendee, where such vendee afterward offers in writing to perform the contract. The offer makes the contract mutual, and it cannot be said there is a want of consideration. *Cutlett* v. *Bacon*, 33 Miss., 269, explained.

2. SAME. *Promise to pay in commodity. Bill for performance.*

    An offer to pay the agreed price contained in a bill brought by the vendee for specific performance, and signed by him, is sufficient as an offer to perform; and where the promise is to pay for land in cotton, to be delivered at certain times, and in certain quantities, an offer to perform by payment of the money value of the cotton at the time and place specified, to be ascertained by accounting, is sufficient, and this, although the bill be filed after the time fixed for delivery of the cotton. *Metcalf* v. *Brandon*, 55 Miss., 841, cited.

FROM the chancery court of Monroe county.

HON. BAXTER McFARLAND, Chancellor.

Bill filed in 1884 by P. H. Haughton against Mary E. Peevey, for specific performance of an agreement to sell land. The bill alleges that in September, 1890, Mrs. Mary E. Sartor (now Mrs. Peevey), made and signed a written agreement for the sale of certain land, described in the bill, the agreement being in the following words: "This writing witnesseth that I have this day sold to P. H. Haughton the following tract or parcel of land, in Monroe county, Mississippi, described as . . for forty bales of cotton of five hundred pounds each, and on payment of ten bales each year for four years, with the understanding that the said Haughton shall have possession of said lands the first of January, 1891."

The bill, which was signed and sworn to by Haughton, alleges that he has always been ready and willing to comply with the terms of contract on his part, whenever defendant should make and deliver to him a sufficient deed to the land. The bill also seeks to have certain errors of description corrected, and prays that the contract of sale be specifically performed. It also contains a present offer to specifically perform the agreement on part of complainant, and prays that if the defendant be unable to specifically perform, that she be required to pay damages for breach of the contract.

Defendant demurred to the bill, on the ground, among others, that the alleged promise of complainant to deliver cotton in payment of the land was void, being a promise not to be performed in a year, and was not signed by complainant, or anyone by him authorized, and because the instrument sought to be enforced was founded on no consideration good or valuable in law. Defendant appeals from a decree overruling the demurrer.

*E. H. Bristow*, for appellant.

The instrument is not a mere promise to convey, and, therefore, executory, but it is a deed already executed. True, there

is no acknowledgment, but this is not a suit to compel acknowledgment of the deed. The instrument being already executed, there can, of course, be no specific performance, nor can there be any recovery of damages, because the measure of damages is the purchase money and interest, and here there is none. *Brooks* v. *Black*, 68 Miss., 161.

Granting the instrument to be executory, the contract is without consideration, and a mere *nudum pactum*. The consideration for the promise of Mrs. Sartor is the promise of Haughton to deliver cotton in 1891, 1892, 1893, 1894. It is a promise not to be performed in one year, not being signed by Haughton, and is void. We do not object to the validity of unilaterial contracts for sale of land signed by the party charged. Such a contract, signed by the vendor, may be enforced, though not signed by the vendee. This is not a question of both vendor and vendee signing a contract for sale of land, but one of consideration or want of consideration. It is only where the consideration is good that specific performance can be had. In *Marqueze* v. *Caldwell*, 48 Miss., 23, there was no question of consideration involved. The absence of Haughton's signature to the promise does not affect the mutuality of the trade, but, not being one to be performed in a year, it does affect the consideration. If one installment of the purchase price is not to be paid in a year, the whole consideration comes within the statute of frauds. Browne on Stat. of Frauds, § 285.

Where the consideration of one promise is another promise void under the statute of frauds, the first promise is also void. Browne on Stat. of Frauds, §§ 116, 117. See, also, 13 Vt., 21; 8 Johnson, 195; 11 Mass., 341; 5 *Ib.*, 133; 6 Metc., 319; 5 Cowen, 162.

All that Mrs. Sartor got for her land was a promise void under the statute of frauds. *Nelson* v. *Lawson*, 71 Miss., 819. *Catlett* v. *Bacon*, 33 Miss., 269, is exactly in point. *Metcalf* v. *Brandon*, 58 Miss., 841, is no authority for the contention

that the bill of complaint filed in 1894 is a sufficient promise in writing to deliver cotton in the years 1891, 1892, 1893, 1894. The time of the performance of this contract is long since past, and it is not in complainant's power to perform according to its terms.

*George C. Paine*, on same side.

1. It is apparent from the agreement that it was not to be performed within a year, and, as appellee did not sign any obligation, he is not bound.

2. There is no consideration for the alleged contract, appellee's agreement to pay being void under the statute of frauds. Appellant could not enforce her right against appellee, as she had no valid demand existing in her favor against him. 55 Miss., 77; 58 *Ib.*, 820; 59 *Ib.*, 45; 71 *Ib.*, 820.

*R. E. Houston*, on the same side.

*E. O. Sykes* and *W. H. Clifton*, for appellee.

The contract is signed by Mrs. Sartor, the party sought to be charged. The contract, though unilateral, is yet enforcible. Complainant offers to perform, and thus the mutuality of the contract is established, and all trouble is met and overcome. This question has been adjudicated often by this court. *Marqueze* v. *Caldwell*, 48 Miss., 23; *Williams* v. *Tucker*, 47 *Ib.*, 678; *Welborn* v. *Bishop*, 62 *Ib.*, 341. See, also, 35 N. E. Rep., 392; 54 N. W. Rep., 834; 18 At. Rep., 834; *Ib.*, 979.

WHITFIELD, J., delivered the opinion of the court.

We have carefully examined all the cases cited by counsel for appellant. In *Boyd* v. *Stone*, 11 Mass., 342; *Newell* v. *Newell*, 13 Vt., 24; *Townsend* v. *Townsend*, 6 Metcalf (Mass.), 319; *Sherburne* v. *Fuller*, 5 Mass., 133; *Crawford* v. *Morrell*, 8 Johns., 253; and *VanAlstine* v. *Wimple*, 5 Cowen (N. Y.), 162, the action was against the party who had not signed. In *Catlett* v. *Bacon*, 33 Miss., 269, the holding was that as "the

bank had the absolute title to the lands, Catlett consequently had nothing which "passed by the deed for the benefit of the bank," and "nothing which passed by his conveyance to Winslow," and that, "consequently, the undertakings of Winslow and Fort to discharge the deed of trust were without consideration. If they had paid the debts mentioned in the deed of trust, they had no claim, as Catlett had none, to compel the bank to convey the title to them." Why? Because the bank had not signed.

The offer "to perform the agreement" is sufficient under the facts of record and the agreement. There must necessarily be an accounting to ascertain the sum of money equal to the value of the cotton. The case is clearly within the principle of *Atkinson* v. *Whitney*, 67 Miss., 665, and *Marqueze* v. *Caldwell*, 48 Miss., 23.

*Affirmed.*

*E. H. Bristow*, of counsel for appellant,

Filed a suggestion of error, especially pressing the point that the bill of complaint, filed long after the date at which the consideration was, by the terms of the contract, to be paid, cannot constitute a sufficient memorandum under the statute of frauds; that there cannot, in the very nature of things, be now an offer by Haughton to deliver cotton in the quantities and at the times agreed upon; that, to make the promise good as a consideration, it must be such a promise as the promisee can compel the performance of against any objection of the promisor. Counsel reviewed, at length, on this point, the case of *Catlett* v. *Bacon*, 33 Miss., 269, to show that it is conclusive of the case at bar in favor of appellant.

Whitfield, J., delivered the response to the suggestion of error.

"The offer to perform," referred to in the original opinion as satisfying the statute, is, of course, not a verbal offer, but the offer made in the bill signed in writing by the complainant.

The case of *Metcalf* v. *Brandon*, 58 Miss., 841, announcing
that, "if he" (complainant), "admits it in writing, over his
signature, the terms of the statute are met," was not referred
to by us, because we did not think it would be seriously ques-
tioned; and, hence, we addressed ourselves to the task of satis-
fying counsel of the inapplicability of his authorities in other
views.    But, as the case does not pass unchallenged, as it would
seem, we say only that it is certainly undoubted law, and thor-
oughly settled elsewhere.    In *Sams* v. *Fripp*, 10 Rich. (Eq.),
S. C., 447, the court say:    "It has always been held that the
requirements of the statute of frauds concerning agreements to
convey lands were fulfilled by the signature to the contract of
the party to be bound, where the adverse party, by bringing his
bill, or any writing, affirms the contract." In *Ives* v. *Hagard*,
4 R. I., 14, the court say:    "The respondent objects that there
was no consideration expressed in the instrument, moving from
the complainant to the defendant.    A promise without considera-
tion, or a nude pact, is void.    We do not understand this promise
to be of that character.    The defendant agrees with the plaintiff
to sell the land in question for the sum of $15,000, the said sum
to be paid on the twenty-fifth of March, when possession is to
be given.    True, no consideration had passed from the plaintiff
to the defendant; neither had the land, which was the subject
of the agreement, passed.    The consideration of the agreement
to sell the land for $15,000 was the agreement of the other
party to buy it for $15,000, and the agreement was thus mutual.
It is no objection that the defendant had no power to enforce
the contract at the time it was made.    If he had chosen to have
that power he might have obtained it, or refused to give such
power to the plaintiff. . .   If the defendant had chosen to have
his remedy, or his right to enforce the contract by action, he
should have obtained this requisite wherewith to charge the com-
plainant, as he gave it to the plaintiff whereby he made himself
chargeable.    It is now well settled, by authority, that . .   where
there is a bill for specific performance in a court of equity, the

bringing of the bill makes the complainant chargeable as on a memorandum of the contract signed by him." In *Evans* v. *Williamson*, 79 N. C., 86, the same doctrine is strikingly enforced. In *Vassault* v. *Edwards*, 43 Cal., 458, the same rule is declared, "that the statute is fully complied with if the agreement . . be signed by the party to be charged, or the party by whom the sale is to be made," and the court adds: "It was, accordingly, held from an early day, that when the action for a specific performance was instituted by the party who had not signed the agreement, the act of filing the bill made the remedy mutual." And many other cases to the same effect could be cited. We specially refer counsel to two: *Ivory* v. *Murphy*, 36 Mo., 534, and *Roberts* v. *Griswold*, 35 Vt., 496, cited in Reed on the Statute of Frauds, vol. 1., § 363. The very argument made by counsel here was made in both those cases. See brief of G. P. Strong, 36 Mo., p. 536. "Now, a consideration," says Mr. Strong, "is of the very essence of a contract; and, with or without the statute of frauds, no contract wanting this element can be enforced." Says counsel, in his suggestion of error: "If Mrs. Sartor had sued Haughton on his promise to deliver this cotton, she could not have recovered, because the promise was not in writing, and was, consequently, void (unenforcible, rather) under the statute of frauds. Then, this promise being the sole consideration for her promise to convey the land, the latter is void for want of consideration;" but the supreme court of Missouri said, 36 Mo., 542: "Where the party files a bill, he does an act that will bind him, and from that time there is mutuality, and the other party cannot plead the statute of frauds, because the words of that statute only prevent an action from being brought when the agreement is not signed by the party to be charged. When the bill is filed, it is an attempt to charge the defendant, and if he has signed the agreement, it is signed by the party to be charged, and it follows that he cannot take advantage of the statute." Mr. Reed

says of the latter case (Reed on Stat. of Frauds, § 363, vol. 1, pp. 588–9): "In a Vermont case the nonmutuality was made a ground of defense, but counsel, with an obscured perception of the real difficulty, urged the defect as being a want of consideration. The defendant had promised plaintiff by letter that, if he would continue as counsel for defendant's brother, the defendant would guarantee the fee. The court, going directly to the point, said : 'But it is claimed, again, that the consideration should appear in writing, in order to give validity to the guaranty. This must either mean that the acceptance of the defendant's proposition must be in writing, or a correlative undertaking on the part of the plaintiff to render future services must be in writing. We can readily understand that this might be required in some cases, as when the guaranty itself did not embody substantially the material and effective terms of the contract, and where resort to parol evidence should be necessary to show what the contract was in its terms and effect; but we do not understand that this has ever been required where all that is to be done by the other party is merely to accept the proposition in the terms in which it is made, and to perform the consideration, either by paying or doing the thing proposed. In the present case the services thereafter to be rendered constitute the consideration, and this is clearly indicated on the face of the defendant's proposition.' "

It is not necessary to go so far here, where the consideration may be shown by parol. We decide merely that the filing of the bill satisfies the statute. We have quoted thus at large from these cases not merely to show that the principle of *Metcalf* v. *Brandon* is thoroughly established, but to show that counsel's argument as to want of consideration is a misconception. See, also, Reed on Statute of Frauds, vol. 1, §§ 361, 362, 363, 364, 365, and 69 Pa. St., 474, and 59 Ill., 300. That our view of the decision in *Catlett* v. *Bacon*, 33 Miss., 269, is correct, appears by what is said by Mr. Reed of that case, in vol. 2, § 882, note *h.* He says: "As Catlett had no

title in the land, he passed nothing to the bank by the deed of
trust, he passed nothing to Winslow, so that (because of the
want of title in Catlett, the absolute title being in the bank)
their promise was without consideration.    Query: Whether if
the bank had conveyed to the plaintiff, Bacon, their interest in
the land, he would not have had the land, as the title seems
never to have left the bank.''

We have given the case a most thorough re-examination, in-
duced thereto by the great respect felt by this court for the
very accurate learning and the very great ability of the em-
inent counsel making the suggestion of error, as well as by our
uniform anxiety to overlook nothing contributing to the ascer-
tainment of the very right of the cause, and are constrained to
*Overrule the suggestions of error.*