MARY ROGERS *vs.* JAMES ROGERS.

PROVIDENCE—FEBRUARY 25, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast. JJ.

A want of consideration does not, of itself, imply a trust.

If one admits a trust in his answer, or swears to it in a deposition, the element of satisfactory proof is not wanting.

But where such deposition denies the trust, or expresses an intention not inconsistent with absolute ownership, a trust is not manifest.

BILL IN EQUITY to establish a trust. Heard on pleadings and proofs.

STINESS, J. In 1891 Bernard Rogers, the father of the parties to this suit, owned a house and three lots of land.

With a view to arranging his affairs, he conveyed the house and lot to his wife and a lot to each of his two sons. His wife died in October of that year, and then, at his request, the children conveyed the estate to his two daughters, Mary and Ellen, to secure a home for them, and in recognition of their equitable claim on the estate. In January, 1892, also at the request of the father, Mary conveyed her interest to Ellen, who in October, 1896, conveyed the estate to the respondent. All of these conveyances were without pecuniary consideration, except that James says that he agreed to look out for Ellen and to see that she had a home, and that he assumed the payment of a mortgage on the land for two hundred and fifty dollars, which she had given.

The bill seeks to establish a trust for one-half of the estate and prays for a conveyance accordingly.

The respondent claims that there is no memorandum in writing creating a trust, as required by Gen. Laws R. I. cap. 233,[1] § 6, which is practically the same as the statute of frauds ; to which the complainant replies that the deposition of Ellen in this case sufficiently manifests the trust.

It is evident that want of consideration does not, of itself, imply a trust, for if it did every gift would simply be a trust. While this may be a significant fact, there must be some other evidence. Perry on Trusts, vol. 1, § 163, 4 ed. If a trust was created it was between Mary and Ellen ; and the case is put upon the deposition of Ellen, as there is no other memorandum in writing to evidence it. The complainant cites, in support of his claim that the trust may be proved by an answer or deposition, *Metcalf* v. *Brandon*, 58 Miss. 841 ; *Barron* v. *Barron*, 24 Vt. 375 ; *Reid* v. *Reid*, 12 Rich. Eq. (S. C. Law 13) 213 ; and *Barkworth* v. *Young*, 4 Drewry, 1. We are not called upon to decide this point as the case stands,

---

[1] SEC. 6. No action shall be brought,— . . . . . . . . . . . . .
    *Third.* Whereby to charge any trustee under any express trust . . . . .
unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized.

26

and we see no reason to question it. If one admits a trust in his answer or swears to it in a deposition, certainly the element of satisfactory proof in writing cannot be lacking. Ellen Rogers is not a party to this suit, but she has given her deposition as a witness. Assuming the complainant's position, we have only to inquire whether she has admitted a trust. It appears from the testimony that Bernard Rogers, the father, got Mary to make the deed to Ellen, because he was dissatisfied with Mary's habit of drinking and fearful that half of the estate would be wasted if she should continue to own it. Ellen says in her deposition that she took no part in the matter and made no promise to hold for the benefit of Mary. She denies that she was under any trust for Mary and states that she held it as an absolute owner for her own benefit, but that she wanted Mary to have a home and allowed her to live there after the deed to her, as James has also done since the deed to him. Ellen also stated that if her sister did right she and James were willing to let her have her home there in half of the estate, but she did not admit that there was any obligation to do so. This is the substance of her testimony, which is very far from a statement manifesting a trust. But the complainant contends that certain answers evince the trust, as follows:

"Qu. 8. Was there any understanding what he (James) was to do with the property after he paid the mortgage?

Ans. He was going to have a house for the both of us; that is what I left it in his hands for.

Qu. 23. As a matter of fact was it not always understood between you and Mary that each of you had an equal interest in the house and lot?

Ans. Well, of course the both of us had our equals, and the way it is fixed now she cannot get hers unless she has a guardian over her, and I will get mine.

Qu. 24. Am I to understand that, when you conveyed the house and lot to your brother James, you had no intention of depriving Mary of her half interest in said house and lot, but intended simply to protect it for her?

Ans. Well, I had it fixed this way in his name, if she did

right or half right she was to have her share of it, but not till then."

  While all this is consistent with a trust, it is also consistent with a kind intent on the part of Ellen to provide a home for Mary, upon the ground of sisterly favor and not of legal obligation.  By the wish of the father the estate was conveyed to the two sisters ; by his wish again it was convered to Ellen.  In neither case does a trust appear.  The father evidently had confidence in Ellen's ability to retain the property and an equal confidence that she would look out for Mary, but neither he nor she expressed a trust to that effect.

  In *Metcalf* v. *Brandon*, 58 Miss. 841, the court says: " It is impossible for the court to enforce a contract which is denied by the defendant.  It is only where the defendant admits the contract, or at least fails to deny it and also fails to set up the statute, that it can be enforced.  If he admits it in writing by pleadings over his signature, the terms of the statute are met, and the court will proceed to investigate and determine the further facts that may be set up in avoidance of it as in other cases.  So, also, where he fails to deny it, and, instead of pleading the statute, relies upon other facts in avoidance of his contract, the same result will follow.  But if, admitting the contract, he sets up the statute, or if, denying the contract, he puts the plaintiff to his proof, he must in either case prevail ; in the first case because the statute is an all sufficient defence, though the facts be admitted ; in the second, because where the facts are denied, and the plaintiff is put to his proof, he must necessarily fail for want of proof which meets the requirements of the law."

  The deposition of Ellen denies any trust or obligation. Taken as a whole it asserts an absolute ownership in herself, with an intention to provide a home for her sister if she does what is right.  As this intention is not inconsistent with absolute ownership, we are unable to say that her deposition manifests a trust in favor of the complainant.

  Our conclusion is that the bill must be dismissed.

  *Charles E. Gorman*, for complainant.

  *Albert A. Baker and William B. Greenough*, for respondent.