Gunter, J.
The material averments of the complaint are: March 16, 1894, Lawrence, Chaney, Bogart and Hodgson, of the first part, made a contract in writing with second parties, whereby the latter agreed to dismiss certain adverse suits filed by them against a mining claim which the first parties had made application to patent, and whereby the first parties agreed to convey to second parties within ten days after patent, that part of the claim in conflict with the two claims filed upon by second parties, such conveyance to be subject to reservations. Pursuant to such contract the second parties dismissed the suits, and later patent issued to three of the parties of the first part, Hodgson, Bogart and Lawrence. March, 1895, the parties of the first part conveyed the claim, so patented, to appellant, which took with notice of the contract, and now holds the legal title to the claim. Appellee, the assignee of the rights of the second parties under the contract, demanded performance, appellant refused, and this action is to compel it. The allegations of the complaint are denied.
Upon trial, to support the averments of the complaint, a contract of the nature therein set out was offered, signed by Hodgson, Bogart and Chaney, and by Lawrence “By Hodgson.” This was objected to in the absence of evidence of written authority from Lawrence to Hodgson to sign the contract. Our statute of frauds prescribes:
“No estate or interests in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner *563 relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed of conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing. ’ ’— 1 Mills ’ Ann. Stats., sec. 2019.
The denial in the answer of the malting of the written contract is a sufficient pleading of this statute, and entitled appellant to the right therein given, that is, the right to proof in writing of .Hodgson’s authority from Lawrence to sign the contract.— Brauer v. Oceanica S. N. Co., 178 N. Y. 339; Taylor v. Merrill, 55 Ill. 52, 58; Reed v. Stevens, 120 Mass. 209.
The objection was overruled, and evidence was received tending to show that Lawrence had by parol ratified the signing of the contract by Hodgson. As the statute of frauds was thus, pleaded as a defense, ratification by Lawrence could be shown only in writting. — Mechem on Agency, § 136; Hawkins v. McGrowartz, 110 Mo. 549; Kozel v. Dearlove, 144 Ill. 23; Videau v. Griffin, 21 Cal. 390.
The court erred in receiving evidence of a ratification by parol of the authority to Hodgson. Without this incompetent evidence of ratification there was no proof that Lawrence had authorized Hodgson to sign the contract. The court, however, over the further objection of variance between the contract tendered and that pleaded, admitted the contract. The contract alleged was one by the four cotenants to convey by metes and bounds a definite parcel of a mining claim owned by them as tenants in common. The contract admitted in evidence, when we reject the incompetent evidence of ratification, was the com tract of the three cotenants, Chaney, Hodgsdn and Bogart, to convey this parcel. The variance between the contract pleaded and the one thus received was *564 material, and objection on the ground of variance should have been sustained. The contract pleaded was the written contract of Chaney, Hodgson, Bogart and Lawrence, the attempt by the evidence was to show a contract in writing of Chaney, Hodgson and Bogart, and in effect the parol contract of Lawrence. The variance between the contract pleaded and this evidence was material, and the objection made of variance between the pleadings and the evidence should have been sustained. — Benjamin v. Fliton, 106 Ia. 417, 418; Johnson v. Greist, 85 Ind. 504; Crawford v. Tyng, 30 N. Y. Supp. 907; Robinson M. Co. v. Johnson, 13 Colo. 263.
Appellee does not contend that the written contract of the three cotenants is sufficient to support the decree of specific performance awarded against appellant, so it is unnecessary to consider the rights conferred by this contract on the assumption that it was executed by only three of the four cotenants. Appellee bases its rights on the contention that the above evidence of ratification was admissible and showed Lawrence to be a party to the contract, and, upon the further contention that the contract was so in part performed by the parties of the second part dismissing their adverse suits, as to take the case out of the statute of frauds.
A sufficient reason for rejecting this latter contention is that it is not pleaded that Lawrence gave Hodgson parol authority to sign the contract and that the contract made in pursuance thereof was taken out of the statute of frauds by part performance.
The complaint alleges a written contract, and upon this contract relief is asked. The case so made is materially different from that of a parol contract of Lawrence taken out of the statute of frauds by part performance.
*565 Appellee further says that the two claims filed upon by its grantors conflicting with the claim of appellant, and referred to in the above contract, were discovered and located prior to appellant’s claim*, that by such discoveries and locations, and other steps, as the institution of adverse suits, its grantors became, and through them appellee, the beneficial owners of the conflict territory; that when appellant’s grantors entered the in conflict area, it took the same under the doctrine of resulting trusts, as trustee for appellee. Such a case is not presented by the pleadings. Further, there is no evidence of prior discovery or location by appellant’s grantors. The fact that such allegations were made in the complaints in the adverse suits does not prove them, nor does the fact that location certificates were filed. There is not even evidence that appellee’s grantors were ever qualified to make locations.
Evidence of the parol ratification by Lawrence of the contract of Hodgson should have been rejected as incompetent. The written contract adduced should have been excluded as variant from the contract pleaded. No relief should have been granted on the theory that the parol contract of Lawrence was taken out of the statute of frauds by part performance, and a sufficient reason therefor is, such case was not pleaded.
There is no merit in the contention of an implied trust, and sufficient reason for so holding is, such a case is not before us by the pleadings or evidence.
The judgment will he reversed.

jReversed.

Thomson, P. J., not sitting.