## Helen E. Snow v. Morris Griesheimer.

### Gen. No. 11,661.

1. REPLICATION—*notice of special matter of reply cannot be substituted for.* The section of the Practice Act which provides for notice of special matters of defense has no application to special matters of reply to special pleas, and such a notice cannot be substituted for a formal replication.

2. STATUTE OF FRAUDS—*how availed of.* The Statute of Frauds, where sought to be availed of as a reply to special pleas, should be set up by replication.

3. PAROL EVIDENCE—*when, competent to vary terms of written instrument.* Where a written instrument has been fully performed, parol evidence is competent to vary its terms.

4. ACCORD AND SATISFACTION—*when arises.* Where a less sum than that actually claimed as due is tendered in full and is so accepted, an accord and satisfaction is effected.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed May 5, 1905.

**Statement by the Court.** This is an action in assumpsit for a balance of rent claimed to be due appellant under the terms of a written lease under seal. The defense is that by a verbal agreement between appellee and the agents of appellant, the rental fixed by the lease was reduced, and the entire rent at the reduced rate had been paid in full.

The demised premises consisted of a store occupied by appellee as his place of business. The lease was for a term of three years beginning May 1, 1895, and ending April 30, 1898, and the rental for the term was $18,000. The full rent was paid according to the lease until May 1, 1896. After that time instead of paying $500 per month as the lease required, appellee paid every month the sum of $416.66 for the remainder of the term. There was a provision in the lease allowing appellee $500 toward the cost of a new store front and in lieu of repairs and alterations.

This allowance appellee seems to have received, although so far as appears he never put in the new store front.

Appellant's agents and attorneys to whom appellee paid the rent and with whom all his interviews and correspondence relating to the matter were had, positively deny appellee's claim that a verbal arrangement was made with him reducing the rent for the remainder of the term. It is conceded that in April, 1896, when appellee was urging that his business was unusually poor and he was having difficulty in paying his rent, appellant's agents did allow him a rebate for the summer months of 1896 only, agreeing to accept $416.66 in full of the rent for those months alone. Appellant's testimony is positive that this reduction was limited to the summer months of that year. It is claimed by appellee that as consideration for the alleged reduction in rent for the remainder of the term, appellee agreed to repaper the store, paint the woodwork and put iron shutters on the rear, which he testifies was done.

At the trial appellee introduced in evidence certain of the checks with which he paid rental at the reduced rate for the period in dispute. Two of the checks so offered were alleged copies of the originals which it is claimed had been lost. The checks introduced were marked "in full" for the respective months for which the payments are claimed to have been made. It is positively testified by appellant's agent who received them as to at least nine of the checks so marked "in full" that they did not contain those words when they were received from appellee and deposited for collection. The evidence shows considerable correspondence between appellee and appellant's agents and attorneys, in which the latter appear to have uniformly denied that any arrangement had been made whereby the rent was to be reduced to $416.66 monthly, and to have refused to accept appellee's payments of that amount except on account. Appellee's claim is that the alleged verbal reduction was made by appellant's agents with her consent and accepted by him, in the summer of 1896. His letters in evidence show, however, that in January and

March, 1897, and during the remainder of the term of the lease appellant's agents and attorneys were continuously demanding the full amount called for by the lease, for the whole term, excepting the summer months of 1896. Judgment was originally entered by confession under a power of attorney in the lease. Afterward the judgment was opened and appellee given leave to plead. The issues were submitted to a jury and a verdict returned in favor of appellee, upon which judgment in his favor was entered.

BURLEY & McSURELY, for appellant; ARTHUR W. BURNHAM and EDWARD R. HILLS, of counsel.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee pleaded the general issue to the plaintiff's declaration in assumpsit and also filed two special pleas setting up the alleged verbal agreement reducing the rent for the last two years of the term. These pleas were not demurred to, and it is claimed that their legal sufficiency was therefore admitted. The replication filed by appellant is, as appellee's attorneys suggest, *de injuria* and tenders an issue of fact on the special pleas. It sets forth that plaintiff "of his own wrong and without the cause or causes in his said last mentioned first and second special pleas alleged and in each and either of them, committed the said trespass in manner and form" complained of, and prays that this "may be inquired of by the country." In form the replication would be appropriate in an action of trespass. Subsequently plaintiff's attorneys filed a notice that on the trial the plaintiff would introduce evidence that no note or memorandum in writing was ever made of the alleged agreement set forth in defendant's special pleas, although not to be performed within a year, and that it was therefore obnoxious to the Statute of Frauds. There is no warrant for any such notice, and it must be deemed void. The statute provides for notice by the defendant under the general issue in lieu of pleading special matters of fact (R. S., chap. 110, sec. 29), but we know of no authority for its

use as here employed.   As a general rule the Statute of
Frauds must be pleaded if relied on, the reason being that
a contract within the statute is not absolutely void but
voidable at the election of the party against whom it is
sought to be enforced.   It is true that it may be relied upon
under the general issue upon the evidence without pleading
it where the declaration contains only the common counts
(Beard v. Converse, 84 Ill. 512–516), but in the case before
us that defense could not arise under the plaintiff's declara-
tion.   It might perhaps have been available in answer to
the special pleas which set up a verbal contract claimed to
be obnoxious to the statute.   The defense is not made,
however, in any available form under the pleadings and
must be deemed not an issue in the case.

The more serious question is whether it was error to al-
low the defendant to introduce evidence of a parol agree-
ment, which it is claimed changed, altered and modified a
written lease under seal.   The rule is not seriously ques-
tioned that such a contract under seal cannot be so modi-
fied.   Alschuler v. Schiff, 164 Ill. 298.   In this case there
is no claim that the lease was entirely set aside.   The
claim is that by parol agreement it was changed in one of
its most material provisions fixing the amount of the rent to
be paid by appellee.   It is, however, urged in behalf of the
latter that the contract was executed and not executory,
that the lease as modified by the alleged verbal agreement
had been fully performed when the suit was brought and
is no longer a living contract.   This raises questions which
were, we think, properly submitted to the jury; first,
whether such verbal agreement was in fact made and if so,
second, whether the provisions of such agreement and the
terms of the written lease as modified by it were in fact
fully carried out and performed.   Had appellant sued from
month to month or at any time before the expiration of the
lease or before accepting payment under it as modified by
the alleged verbal agreement, the evidence of a verbal alter-
ation would not have been admissible.   The jury had before
it the evidence relating to the alleged parol agreement and
the alleged consideration for it and the payments alleged to

be made under it. The evidence was conflicting, and we must regard their finding as conclusive in those respects. There is evidence tending to show appellant's agents were denying the alleged verbal agreement, and that they received the payments made by appellee with frequent statements that they were only accepted on account. Yet the fact remains that if the jury believed the alleged oral agreement to have been made as contended by appellee and that the amounts due under it were fully paid and accepted by the lessor without other action until the whole contract as' alleged to have been modified was fully executed, we do not feel at liberty to say that their finding is not warranted by evidence, even though as jurors we might have reached a different conclusion. We are not to be understood as intimating that the acceptance of a less sum than the amount due under the lease would have the effect to discharge the balance. But if appellee actually sent checks for the reduced amount with the specific statement from month to month that such amount was sent in full payment for the rent of such months, as the jury seem to have found, the acceptance of the checks under such conditions implied a compliance with the terms upon which they were sent. Appellant could not otherwise retain them without the concurrence of the payor. Ostrander v. Scott, 161 Ill. 339–345.

What we have said substantially disposes of material questions presented in the briefs. For the reasons indicated the judgment must be affirmed.

*Affirmed.*