William J. Carr *vs.* Thomas F. Carr.

January 27, 1908.

Present: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)	*Statute of Frauds.*

Upon a bill in equity to enforce the specific performance of a verbal agreement, where there was no evidence in writing upon the issue, and no proof of part performance or of any other circumstances which would take the case out of the operation of the statute of frauds, the defendant, both denying the contract and relying upon the bar of the statute, is entitled to the benefit of its provisions.

BILL IN EQUITY for specific performance.  Heard on appeal from decree of Superior Court, and decree affirmed.

PER CURIAM.  It may well be doubted whether the parol evidence introduced in support of the contract alleged in the bill would be sufficient to establish it if such evidence were admissible;  but this evidence is clearly incompetent under the statute of frauds.  There is no evidence in writing upon this issue, and no proof of part performance, or of any other circumstances which might take the case out of the operation of the statute.

The bill did not disclose the fact that the alleged contract was a verbal one, and the defendant. denied the contract and at the trial relied upon the bar of the statute of frauds.  He is therefore entitled to the benefit of its provisions.  *Metcalf* v. *Brandon*, 58 Miss. 841, approved in *Rogers* v. *Rogers*, 20 R. I. 400.

Moreover, we agree with the Superior Court that the contract as stated by the complainant is too vague in its terms to be capable of specific enforcement.

The complainant's appeal is dismissed;  the decree of the Superior Court dismissing the bill is affirmed without prejudice to the right of the complainant to prosecute his claim against the estate of his father to recover any sums of money which he may have advanced to the father as a loan or on account of the alleged contract.

*John W. Hogan, Philip S. Knauer, and John C. Quinn*, for complainant.

*Frank H. Hammill, Willis B. Richardson, and Irving Champlin*, for respondent.