## Charles L. Keller, Appellee, v. John Gowan Stobo, Appellant.

### Gen. No. 27,443.

1. VENDOR AND PURCHASER—*invalidity of contract for sale of land executed by unauthorized third person.* Where a written contract for the sale of real estate was executed on behalf of the vendor by one who does not appear to have been the agent or attorney of the owner and who was without authority in writing to act in the transaction, and the preponderance of evidence indicates that he did not have even an oral authorization from the owner, the contract cannot be enforced because within the statute of frauds.

2. VENDOR AND PURCHASER—*statute of frauds as defense where execution of contract denied.* Where the affidavit of defense in an action on a written contract for the sale of land denied the execution of the contract, defendant could avail himself of the statute of frauds as a defense.

3. VENDOR AND PURCHASER—*sufficiency of evidence to show agreement of parties.* In a transaction for the purchase by plaintiff of real estate, where he joined in the execution of a letter to a bank

certifying that there had been a full compliance with the conditions of the agreement and authorized payment of the full purchase price to defendant, such letter constituted a complete settlement and adjustment of all matters in controversy and was binding upon all the parties thereto and showed that the price paid was not subject to deduction for unpaid taxes.

4. VENDOR AND PURCHASER—*insufficiency of evidence to show agreement by vendor to pay back taxes.* In an action to recover the amount of back taxes on property bought and paid for by plaintiff under a claim that any such charges were to be deducted from the agreed price, where plaintiff sought to avoid the effect of a settlement, closing the transaction and authorizing payment of the agreed price to defendant, on the ground that someone present at the time stated that all taxes were paid, but such statement was not attributed to defendant personally and no reason was shown why he should be bound by such a statement made by another, plaintiff was not entitled to recover the amount of unpaid taxes due on the property.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed with finding of facts. Opinion filed July 11, 1922.

B. M. SHAFFNER, for appellant.

PRITZKER & PRITZKER, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a judgment of the municipal court of Chicago for $2,043.06 in favor of appellee, who was plaintiff below. The case was heard by the court without a jury. Plaintiff claimed that under an agreement dated November 10, 1919, defendant agreed to sell and convey certain real estate, the purchase price of which was $25,000, less the amount of all taxes and assessments levied against the property prior to January 1, 1919, remaining unpaid; that defendant failed and refused to pay said taxes and assessments to the amount of $2,043.06. The agreement in question, which was attached to the statement

of claim, recites that defendant was the owner of a certificate of redemption of the real estate in question, that plaintiff was desirous of purchasing the property and that it was contemplated that a sheriff's deed would be issued to defendant on the following day. It was agreed that plaintiff should deposit with the Central Trust Company of Illinois $2,000, which was to be returned in the event that the sheriff's deed was not issued. Upon the issuance of the sheriff's deed, plaintiff was required to make a further deposit of $23,000 with said Central Trust Company, making a total of $25,000 to be paid by plaintiff to defendant "for said sheriff's deed and a quitclaim thereof to said Keller, provided, however, that from said sum of $25,000 there shall first be paid all taxes and assessments levied against said premises prior to January 1, 1919." This agreement was signed by plaintiff and by defendant, the latter's signature being by one Charles J. Jones.

Defendant's affidavit of merits denied the execution of the agreement either by himself or anyone authorized to act in his behalf; denied that defendant agreed to sell or convey to plaintiff the premises in question for $25,000 subject to the condition that there should be deducted from said sum the amount of taxes and assessments levied prior to January 1, 1919, and then remaining unpaid. The affidavit alleged that, after the making of the agreement attached to the statement of claim, the same was canceled and surrendered to the parties; that said agreement was obtained by plaintiff by fraud and collusion, the clause relating to the payment of the taxes and assessments having been inserted without the knowledge or consent of defendant; and that after said agreement was signed a new agreement was made between the parties and the former agreement canceled. Defendant denied any and all indebtedness to plaintiff.

The record shows that the only testimony tending

to prove the authority of Jones to sign the agreement of November 10, 1919, on behalf of Stobo is contained in the testimony of plaintiff, who stated that in an interview with Stobo the latter had said the contract was closed and the price agreed upon and "that Jones could sign the contract if he (Stobo) was not there." This testimony is contradicted by both Jones and defendant, both of whom testified explicitly that no such statement was made by Stobo. Jones testified that he signed the agreement at the suggestion of Keller, but that on finding that it contained the provision for the payment of taxes by the vendor, he at once repudiated it and stated to Keller that such was not the agreement and that the price for the property was $25,000 without any deduction whatever. It is undisputed that taxes and assessments to the amount of $2,043.06 were a lien upon the property and unpaid at the time of the transaction. Jones also testified that Keller agreed to become responsible for the payment of these taxes and assessments and that all parties interested agreed to destroy the contract of November 10, 1919. Jones was not the attorney for or agent of either of the parties, but seems to have been interested in the transaction as a representative of his wife, who was one of the judgment creditors of the former owner and expected that her claim would be paid out of the proceeds of the sale of the property to Keller. The transaction was closed November 13, 1919, by the payment to Stobo of $25,000. At that time all three of the interested parties—Stobo, Keller and Jones— signed a letter addressed to the Central Trust Company stating that all conditions had been fulfilled by the parties concerned, and authorized the Central Trust Company to pay over to Stobo the sum of $25,000. The Central Trust Company thereupon paid the entire sum to Stobo.

Appellant urges as grounds for a reversal that the alleged agreement of November 10, 1919, is void and

unenforceable for the reason that Jones had no written authority to execute the same on behalf of Stobo. The instrument in question was a written contract for the sale of land and was executed on behalf of the vendor by another who does not appear to have been the agent or attorney of the owner and was without authority in writing to act in the premises. The preponderance of the evidence indicates that he did not have even an oral authorization from the owner. Under such circumstances the contract cannot be enforced against the owner. *Bruns v. Huzeman*, 266 Ill. 212.

The action is based upon the alleged contract and is within the statute of frauds, which provides that no action shall be brought to charge any person upon any contract for the sale of lands unless such contract or some memorandum or note thereof shall be in writing and "signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party." Chapter 59, sec. 2, Rev. St. [Cahill's Ill. St. ch. 59, ¶ 2]. This section of the statute of frauds has been held applicable to similar transactions in a number of cases. *Hartenbower v. Uden*, 242 Ill. 434; *Cowan v. Curran*, 216 Ill. 598; *Jones v. Howard*, 234 Ill. 404; *Lasher v. Gardner*, 124 Ill. 441. Appellee says that the defense of the statute of frauds was not pleaded specially and was therefore waived, citing *Beard v. Converse*, 84 Ill. 512, and *Chicago & W. Coal Co. v. Liddell*, 69 Ill. 639. While this is the general rule, there are exceptions to it, one of which is noted in *Beard v. Converse, supra,* which holds that it is competent to rely on that statute as a defense without pleading it, where a party declares only upon the common counts and seeks to recover under a contract within the statute. The same exception exists when the defendant denies the execution of the contract upon which the suit is based. *Reid v. Stevens*, 120 Mass. 209; *Fontaine v. Bush*, 40 Minn. 141; *Metcalf v. Brandon*, 58 Miss. 841; *McKee v.*

*Griggs,* 51 N. J. Eq. 178. The affidavit of defense in the present case denied the execution of the contract on which plaintiff relies, thereby enabling defendant to avail himself of the statute of frauds as a defense. This defense is available under a plea or the evidence in the case. *Ruggles v. Gatton,* 50 Ill. 412. Neither the execution by defendant of the agreement upon which plaintiff's claim is based nor the authority of Jones to execute said agreement on behalf of defendant was proved, but the contrary was established by the preponderance of the evidence.

That the agreement upon which the parties acted was for the sale of the property and the execution of the necessary conveyances in consideration of the payment of $25,000, without any deduction for taxes, is shown by the acquiescence of plaintiff therein and by the fact that he joined in the execution of a letter to the Central Trust Company certifying that there had been a full compliance with all conditions of the agreement between the parties and authorizing the payment to Stobo of the entire purchase price. This was a complete settlement and adjustment of all matters in controversy and was binding upon all of the parties thereto. *Worrell v. Forsyth,* 141 Ill. 22. The new agreement was carried into effect, the consideration was paid to defendant and plaintiff accepted the conveyances of the property in question without protest or reservation of any kind. Plaintiff, by way of avoidance of the effect of his acts in participating in the settlement of the transaction as above indicated, testified that at the time of the closing the transaction it was said by someone that all prior taxes had been paid, but this statement, if made, is not attributed to defendant personally and no reason is shown why he should be bound by such a statement made by anyone else. The manifest weight of the evidence sustains defendant's contention that there was no agreement by defendant to pay the taxes in question and that the

purchase of the property by plaintiff was consummated upon that basis.

The judgment of the municipal court is reversed with a finding of facts.

*Reversed with finding of facts.*

BARNES, P. J., and GRIDLEY, J., concur.

Finding of facts. The court finds as ultimate facts in this case that there was no agreement on behalf of defendant to pay the taxes in question and that there was a complete settlement and adjustment by the parties hereto of all matters in controversy between them.