### DANIEL WILLIAMS *vs.* JONAS BEMIS, executor.

Th ₂ plaintiff agreed to cultivate the defendant's land for two years for a share of the crop, both parties understanding that the crop would be larger in the second year than in the first. The defendant at the end of the first year paid the plaintiff his share of that year's crop, and refused to let him cultivate for the second year. *Held,* that the plaintiff might maintain an action for work done and materials furnished in cultivating the land.

CONTRACT for work done and materials furnished in cultivating the land of Harvlin Towne, the defendant's testator. Trial in the superior court, before *Scudder*, J., who, before verdict, by consent of the parties, made a report of the case, of which the material parts were as follows :

" The plaintiff testified that the work was done and the materials used by him upon the land of Towne under Towne's general direction. On cross-examination he testified, against his own objection, that before he began the work Towne said he might take the land for one year and plant it with potatoes, and he would furnish one half the seed and the necessary dressing, and give the plaintiff two thirds of the crop ; that the plaintiff declined to take the land for one year upon the terms named, telling Towne that the labor and seed to be furnished by him would cost more than he could get for it the first year ; but that he told Towne he would take the land and do the work on it for two years for two thirds of the crop for two years, the plaintiff to furnish one half of the seed and all the labor, and Towne all the

manure, and phosphate if necessary, and Towne assented; that the work named in the declaration was done under the contract during the first year; that at the expiration of the first year the crop of that year was divided according to the contract, the plaintiff taking two thirds and Towne one third thereof; that Towne then refused to allow the plaintiff to plant the land the second year; and that the work done and seed furnished and used upon the land by the plaintiff during the first year was more than was necessary for the first year's crop, and of greater value than the plaintiff's share of that crop, and enured to the permanent benefit of the land, and of the crop for the second year, as was understood and anticipated by the parties when the contract was entered into and the work was done and the seed used upon the land."

If upon this testimony the plaintiff was to recover anything beyond the crop already received by him, then judgment was to be entered for the plaintiff for the sum of $53.25, otherwise judgment to be entered for the defendant.

*G. F. Hoar & W. A. Williams*, for the plaintiff.

*F. P. Goulding*, for the defendant.

AMES, J.  An action for money had and received lies to recover back money paid by a party to an agreement which is invalid by the statute of frauds, and which the other party refuses to perform. *Cook* v. *Doggett*, 2 Allen, 439. *Basford* v. *Pearson*, 9 Allen, 387. *Gillet* v. *Maynard*, 5 Johns. 85. An action would also lie for the return of any article delivered, or for payment for labor and services rendered, upon such an agreement and under such circumstances. *Sherburne* v. *Fuller*, 5 Mass. 133. *Lane* v. *Shackford*, 5 N. H. 130. *Holbrook* v. *Armstrong*, 1 Fairf. 31. Such is undoubtedly the general rule, as established by numerous authorities. "Certainly so much as has been expended by the plaintiff in money or labor may be recovered in an action for money paid, or for work and labor done, for the defendant." *Kidder* v. *Hunt*, 1 Pick. 328, 331. *Shute* v. *Dorr*, 5 Wend. 204. "The true principle is this: the contract being void and incapable of enforcement in a court of law," (the defendant having refused to perform it,) "the party paying the money, or ren

dering the services in pursuance thereof, may treat it as a nullity, and recover the money or value of the services under the common counts." *King* v. *Brown*, 2 Hill, 485, 487, per Nelson, C. J. In *Gray* v. *Hill*, Ry. & Mood. 420, Best, C. J., held that where the defendant, in consideration of certain repairs to be made by the plaintiff, agreed to assign a lease to him, and after the repairs were made refused to make the assignment, and set up the statute of frauds as a defence, the law implied a promise to pay for the repairs, and this implied promise was "not touched by the statute." See also *Van Deusen* v. *Blum*, 18 Pick. 229.

The defendant insists that the work was done by the plaintiff in the cultivation of crops which were to be partly his own, and was not done upon the credit of Towne, or with any expectation of charging it against him. Such undoubtedly was the understanding of the parties originally. But as Towne saw fit to say that the special contract was not binding upon him, it cannot be set up by his executor as binding upon the plaintiff. *King* v. *Welcome*, 5 Gray, 41. It cannot be treated as a nullity for one purpose, and as a contract for another. It required two years for its completion, and both parties understood that there was to be no profit or advantage to the plaintiff except from the operations of both years taken together. A large part of the labor and expense, incurred in the first year, had no reference whatever to the operations and results of that year, taken by itself, but were a preparation of the land for increased productiveness in the second year. The plaintiff must be considered as having, in that way, paid in advance, in part at least, for the privilege of using the land the second year in the manner agreed upon. By the repudiation of the contract, he has lost the privilege which he had so paid for. The consideration upon which he made that payment has failed by the wilful act of the other party to the contract, and he is therefore entitled to recover back what he has so paid. *Basford* v. *Pearson*, 9 Allen, 387. If it had been a payment in money, it would be too plain to be controverted. A payment in labor and services, of which the other has secured the benefit, stands upon the same ground.

*Judgment for the plaintiff for the sum agreed.*