EDWARD J. WHITE *vs.* JOSEPH G. WIELAND.

If a tenant repairs a building in consideration of a promise of a lease of it, which the land-
lord refuses to fulfil, the fact that the promise is within the statute of frauds is no defence
to an action to recover the cost of the repairs.

On the trial of an action to recover money paid in consideration of a promise of a lease,
which the defendant refused to fulfil, he cannot justify by proof that the plaintiff refused
to pay rent, without evidence that the rent fell due before his own refusal.

CONTRACT for use and occupation of a dwelling-house in Cam-
bridge during February and March 1869 at $8 per month, and
April 1869 at $16 per month. Writ dated June 9, 1869. The
defendant declared in set-off for $127.64 paid to the plaintiff's
use, for repairs on the house in 1867 and 1868. At the trial in
the superior court, before *Rockwell*, J., on appeal from the police
court of Cambridge, the jury returned a verdict for $73.10 in
favor of the defendant, and the judge allowed a bill of exceptions
of which the following is the material part :

" The defendant, at the trial, admitted his use and occupation
of the premises during the time alleged by the plaintiff, and no
matter of exception arose relating to the plaintiff's claim. But,
upon the set-off, the defendant offered evidence of an oral agree-
ment between him and the plaintiff, entered into at the time of
his hiring the tenement, that the plaintiff agreed to let him the
house at $8 per month, that the defendant should make certain
repairs on the house, and that the plaintiff should give him a
lease for five years ; and also evidence that the defendant entered
into possession, and spent in such repairs the money claimed in
his set-off, and that the plaintiff, in violation of said agreement,
ejected him from the premises and refused to give him the lease.
This evidence was objected to by the plaintiff, but the judge ad-
mitted it. The plaintiff then, on the set-off, offered to prove
that the defendant failed to pay his rent according to the terms
of the hiring, and that for that cause he notified the defendant
and ejected him from the premises by process of court ; but the
judge excluded the evidence. To this admission and exclusion o
evidence the plaintiff excepted."

*I. S. Morse,* for the plaintiff.

*H. W. Holland,* (*A. G. Browne, Jr.,* with him,) for the defendant.

CHAPMAN, C. J. The plaintiff's contract to give the defendant a lease for five years was within the statute of frauds, and could not be enforced. But if he broke it before the defendant had broken the contract on his part, and expelled him from the premises, the defendant would thereby be entitled to recover of him for the repairs which he had made on the premises in conformity with his contract. *Williams* v. *Bemis,* 108 Mass. 91, and cases there cited.

It appearing that the plaintiff had refused to give the lease, he offered to prove in excuse that the defendant had failed to pay the rent, but did not offer to prove that any rent had become due when he refused to give the lease. This limited offer of proof was insufficient to meet the defendant's claim for repairs; and the evidence was rightly rejected. *Exceptions overruled.*