### E. STILLMAN DIX *vs.* THOMAS E. MARCY.

Franklin. Sept. 15, 1874. — Jan. 30, 1875. WELLS & MORTON, JJ., absent.

One who makes a valid conveyance of real estate subject to a verbal agreement that the grantee shall support the grantor and his family, and give back a mortgage or life lease of the property, may, upon the refusal of the grantee after part performance to fulfil his verbal promise, recover the value of the property conveyed, deducting so much as he has received from the previous part performance of the agreement, or the value thereof.

CONTRACT to recover $1800, the price of certain real estate conveyed by the plaintiff to the defendant. The answer admitted the conveyance, but averred that it was made voluntarily and without any agreement for payment on the defendant's part.

Trial in the Superior Court before *Dewey*, J., who, after verdict for the plaintiff, reported the case to this court. The facts appear in the opinion.

*S. T. Field*, for the defendant.

*C. G. Delano*, for the plaintiff.

ENDICOTT, J. The plaintiff conveyed his farm in August, 1872, to the defendant, his son-in-law, upon an oral agreement, that the defendant would furnish him, his wife and daughter, with a comfortable support during their lives. The defendant also agreed to give the plaintiff a mortgage on the farm or a life lease thereof to secure the support. Under this agreement the plaintiff with his wife and daughter lived with the defendant on the farm until January, 1874. A difficulty then occurred. The defendant ordered the plaintiff to leave, and refused to give him a mortgage according to the agreement. Since then the defendant has furnished no support to the plaintiff, though his wife and daughter have remained with the defendant.

The defendant denied that he made such an agreement. But the jury found that in consideration of the conveyance he agreed to give the plaintiff a mortgage or life lease to secure the support of himself and family.

By ordering the plaintiff to leave the farm and refusing to give the mortgage, the defendant rescinded his oral agreement. This agreement, being within the prohibition of the statute of frauds, the plaintiff could not enforce it, but brings this action to recover the value of the property conveyed. It is well settled that he may do so. Where a person pays money, renders service, or conveys property under an agreement, within the statute of frauds, and which the other party refuses to perform, an action will lie by such person, against the party so refusing, to recover the money paid, or the value of the services rendered or property conveyed. *Sherburne* v. *Fuller*, 5 Mass. 133, 138. *Kidder* v. *Hunt*, 1 Pick. 328. *Cook* v. *Doggett*, 2 Allen, 439. *Basford* v. *Pearson*, 9 Allen, 387. *Williams* v. *Bemis*, 108 Mass. 91. *White* v. *Wieland*, 109 Mass. 291. *Gillet* v. *Maynard*, 5 Johns. 85. *King* v. *Brown*, 2 Hill, 485. *Day* v. *New York Central Railroad*, 51 N. Y. 583. *Richards* v. *Allen*, 17 Maine, 296. Chit. Con. (11th Am. ed.) 422, n. and cases cited.

A person, who has received a benefit under such an agreement, and then repudiates it, is held to pay for that which he has received; and there is an implied assumpsit on which the action against him can be maintained. In such an action the plaintiff is entitled to recover what is due him, or the balance that is due him arising out of the transaction between the parties. If the suit is to recover the value of land conveyed, and there has been part performance by the party refusing to complete it, that is to be considered in determining what is due. If payments have been made, they must be deducted from the amount to be recovered for the value of the land. And if the land was not to be paid for by money, but by furnishing support and maintenance, and there has been a partial performance in that respect, the value of such partial performance to the plaintiff must be allowed by him. He is only entitled to receive from the defendant the value of the property conveyed to him.

In this case the value of the support furnished to the plaintiff by the defendant under the oral agreement, and before its rescission, was properly deducted from the value of the farm, and the plaintiff was entitled to recover the value so found. *Day* v. *New York Central Railroad*, 51 N. Y. 583. *Richards* v. *Allen*, 17 Maine, 296. *Moses* v. *Macferlan*, 2 Burr. 1005.

*Judgment on the verdict.*