HARRIET B. PARKER & another *vs.* ELIJAH F. TAINTER.

Middlesex. March 28. — September 8, 1877.

If A. builds upon land in the possession of B., as lessee, in consideration of an agreement by B. to give him a sub-lease of it, which the lessee refuses to fulfil, he can maintain an action against B. for the cost of the building, although the agreement for the sub-lease is within the statute of frauds.

CONTRACT. At the trial in the Superior Court, before *Brigham*, C. J., the plaintiffs proved the following agreement, signed by the defendant :

" Newton, Mass., November 21st, 1873. Whereas I have agreed with Harriet B. and Sarah E. Parker to lease them a piece of land between Union Hall Building and Alfred Howe's new building on Centre Street, Newton, and whereas there have been some objections to putting up a building on said land, and in order that the said Parker sisters may be protected in putting up the building, and be saved from any loss in the matter, I do hereby agree to protect them in the matter, or to pay all costs of the building and take it off their hands should anything arise whereby I cannot give them a lease for the purpose of erecting the said building as per agreement."

It appeared in evidence that the defendant was in possession of the land mentioned in the agreement and of adjoining premises, and had been in such possession since April, 1872, and claimed under a lease thereof for a term of ten years from that date ; that soon after the date of the agreement, the plaintiffs completed the erection of a building on the land, and were in the peaceable and undisturbed occupation of the land and building from December 1, 1873, until some time in May, 1874; and that in April, 1874, the plaintiffs paid to the defendant $50 for the use of the land for four months, from December 1, 1873, to April 1, 1874, at the rent of $12.50 for each month.

It was also in evidence that a large building adjoining the land, and portions of which were held by the defendant under his lease, was, on January 14, 1874, destroyed by fire; that the owners of all the land, including that on which the plaintiffs' building stood, and also the land under the large building, contended that by the destruction of this building the rights of both the plaintiffs and the defendant had been determined, and, on February 4, 1874, notified both the plaintiffs and the defendant in writing to remove therefrom, and also notified the plaintiffs to remove their building, but nothing was done as to the plaintiffs until some time in May, 1874, when the owners took down and removed the plaintiffs' building.

The defendant never made any written lease of the land to the plaintiffs, and there was no agreement in writing between the parties, other than that above set forth; but the judge, against the objection of the defendant, allowed the plaintiffs to testify that the defendant had, prior to the making of the written agreement, orally agreed to lease to them the land mentioned in the agreement, for the term of eight years.

The defendant contended that the agreement was not sufficient to support this action; that the facts did not show any breach thereof; and also relied upon the statute of frauds.

The judge ruled that the statute of frauds was not applicable, and that, as the foregoing facts were not in dispute, the jury would be warranted in returning a verdict for the plaintiffs for the cost of their building, with interest from the date of the writ. The jury returned a verdict for the plaintiffs; and the judge reported the case for the determination of this court.

If the admission of the oral evidence and the rulings of the judge were correct, judgment was to be entered on the verdict; if, in the absence of such oral agreement, the plaintiffs were entitled to hold the verdict, judgment was to be entered thereon; but, if they were entitled to recover only nominal damages, they were to have judgment accordingly; otherwise, judgment was to be entered for the defendant.

*C. Robinson, Jr.*, for the defendant.

*B. E. Perry*, for the plaintiffs.

GRAY, C. J. The plaintiffs properly admit that the writing signed by the defendant, reciting that he had agreed to lease the

land to them, is not a sufficient memorandum of an agreement for a lease, to satisfy the statute of frauds, because it does not state the term or duration of the lease, and that defect cannot be supplied by parol evidence. *Riley* v. *Farnsworth*, 116 Mass. 223. And we need not consider whether the alternative agreement of the defendant to pay to the plaintiffs the cost of the building, if he should be prevented from giving them a lease, could be considered as an independent promise, of itself sufficient to support an action.

The defendant had an estate, though not an absolute title in fee, in the land. If the plaintiffs, in consideration of an agreement which was within the statute of frauds, and which the defendant declined to carry out, expended money in building upon his land, they might maintain an action to recover the cost of such building. *Kidder* v. *Hunt*, 1 Pick. 328. *White* v. *Wieland*, 109 Mass. 291. *Dix* v. *Marcy*, 116 Mass. 416. The evidence (laying aside the parol evidence objected to) would support such an action, the declaration was not objected to in point of form, the report shows that it was intended to present the case for decision upon its merits, and the verdict must, under the instructions given to the jury, have been for the cost of the building. By the terms of the report the plaintiffs are therefore entitled to                                             *Judgment on the verdict.*