## EDMUND J. FREEMAN *vs.* LEWIS T. FOSS.

Suffolk. November 15. — 23, 1887. DEVENS & W. ALLEN, JJ.,
absent.

A. agreed orally to work for B. for two years, receiving as his compensation instruction in B.'s business, and certain tuition at the end of that time by a third person, to be paid for by B. Before the expiration of the two years, A. was unwilling to remain longer under the contract, and asked that a certain sum be paid him by B. for his services thereafter. This was agreed to. *Held,* that the original agreement was within the statute of frauds, Pub. Sts. c. 78, § 1, *cl.* 5, and could not be set up in defence to an action brought against B. by A., on a *quantum meruit,* for services rendered under it.

CONTRACT, on an account annexed, for work and labor of the plaintiff's minor son, from March 31, 1884, to March 18, 1885, and from October 5, 1885, to January 4, 1886, at $3 a week, amounting in all to $189. Writ dated May 29, 1886. Answer: 1. A general denial. 2. That, on or about March 31, 1884, the defendant entered into an agreement with the son, with the full knowledge of the father, by the terms of which the defendant, a dentist, agreed to take the son into his office, furnish him with books for his use and study, and, if the son remained with the defendant two years, to pay his tuition fees at the Boston Dental College; that the son, in consideration thereof, agreed to remain with the defendant for two years, devote his time to his studies and the business of the defendant, and accept the compensation above set forth for such services as he should render the defendant; that the son remained with the defendant until March 18, 1885, when he left and remained away until October 5, 1885, when he returned, and resumed his studies and services until January 4, 1886, when he declined to proceed further under the existing contract; whereupon the defendant annulled the agreement, with the full consent of the plaintiff, and made a new one. The answer further alleged performance on the part of the defendant of the terms of both agreements.

Trial in the Superior Court, without a jury, before *Hammond,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff agreed that his son should go to work for two years in the office of the defendant, who is a dentist of many

years' experience in Boston, and should there receive instruction in the business and profession of dentistry.   The defendant thereupon agreed to take him into his office, instruct him, and furnish him with books and the use of tools, stipulating that the plaintiff's son should so remain in his office, working and gaining instruction for the space of two years, when he would pay to the authorities of the Boston Dental College the tuition fees of the plaintiff's son in that institution ; all of which was agreed upon by both parties.   On March 31, 1884, the plaintiff's son went into the office of the defendant under said agreement, and remained there until March 18, 1885, when, by reason of illness, he left and remained away until October 5, 1885 ; he then returned and remained until January 4, 1886, when he expressed his unwillingness and inability to remain, and declined to remain longer under the original agreement, but requested that he should be paid the sum of three dollars per week thereafter. This was agreed to, and thereafter for some weeks that sum was paid to him.   None of the agreements were in writing.

The plaintiff contended that, by the statute of frauds, the contract set up in the answer could not be used in evidence in defence to this action.   The judge permitted the evidence to be heard ; but ruled that the plaintiff could maintain his action upon a *quantum meruit*, notwithstanding said contract, and that, by reason of the statute of frauds, the defendant could not set up the contract in defence to this action.   The defendant asked the judge to rule that, upon the facts proved, the contract was executed on both sides up to the time of the new agreement to pay three dollars per week for services, January 4, 1886 ; and that an action on a *quantum meruit* could not be maintained when the plaintiff had received from the defendant, on January 4, 1886, all the considerations due and payable at that time under the original contract for services theretofore performed. The judge refused so to rule ; and found for the plaintiff for the full amount claimed.   The defendant alleged exceptions.

*C. W. Bartlett*, for the defendant.

*C. P. Weston*, for the plaintiff.

KNOWLTON, J.   The defendant seeks to avoid liability for services of the plaintiff's son, by showing that they were rendered under an express contract, and that he did all that he

agreed to do so long as the boy remained in his service. The contract which he sets up was within the statute of frauds; it was entire and indivisible, and was not fully performed by either party.. A large part of the consideration for the plaintiff's agreement was not payable by the defendant until after the end of the term of service, and no part of it was applicable to any particular portion of the term. As the plaintiff could not have enforced this contract against the defendant, so the defendant cannot avail himself of it to avoid liability upon a *quantum meruit.* This case cannot be distinguished from *King* v. *Welcome*, 5 Gray, 41. See also *Bernier* v. *Cabot Manuf. Co.* 71 Maine, 506; *Comes* v. *Lamson*, 16 Conn. 246.

*Exceptions overruled.*