HENRY BANKER, PLAINTIFF IN ERROR, v. WILLIAM HENDERSON, DEFENDANT IN ERROR.

1. The value of work and labor supplied under a contract void by the statute of frauds is recoverable upon the theory that a benefit has been recovered, from which springs an implied undertaking to pay the value of such work and labor.

2. The value of labor and materials employed in constructing a machine to be furnished under a void parol agreement and never received by the vendee, cannot be recovered, as there is no benefit accruing to the vendee.

On error to the Middlesex Common Pleas.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, REED and GUMMERE.

For the plaintiff in error, *Charles H. Runyon.*

For the defendant in error, *Alan H. Strong.*

The opinion of the court was delivered by

REED, J. This action was brought to recover the value of the labor and materials expended by the plaintiff in making a wood-chopper.

It appeared in evidence that the plaintiff verbally agreed to furnish to the defendant a boiler, engine, saw and wood-chopper for the sum of $450.

The engine and boiler were then in existence, but the saw and the chopper were to be made. They were all to be used together, and the price was entire. The defendant refused to receive them, and on account of his refusal, they were never delivered.

On the trial, upon an objection interposed by the counsel for the defendant that this parol agreement was within the statute of frauds, the trial court ruled that this was so in respect to the boiler and engine, which were in existence when

the agreement was made. The court also ruled that the contract was entire and not severable, and therefore the whole was within the statute.

Nevertheless, the court permitted the plaintiff to prove the value of his labor expended by him in building the chopper, and also the value of the material used for that purpose.

The jury was charged that it could return a verdict for this amount, which amount the jury assessed at $278.71. To this charge the defendant took an exception.

The result of this is that the title, not only to the engine and the boiler, but to the wood-chopper, upon which this labor and material were expended, remains in the plaintiff, while the defendant, who receives no benefit whatever from it, pays for all this, which went to the enhancement of the plaintiff's property, or rather to the creation of property for the plaintiff.

The theory upon which the right to recover for labor or materials furnished under a void contract rests, is that one person has received such a benefit as would raise an implied *assumpsit* on his part to pay for it, and that his failure to perform his side of the contract gives a right of action against him upon this implied *assumpsit*.

In *McElroy* v. *Ludlum*, 5 *Stew. Eq.* 828, services as superintendent had been actually rendered in the business of the firm under an agreement invalid because of the statute.

In *Mayor* v. *Pyne*, 3 *Bing.* 285, under a void agreement to deliver twenty-four numbers of a periodical work, eight numbers had been delivered. Upon refusal of defendant to take the rest, there was a recovery for the eight actually received.

In *Shute* v. *Dorr*, 5 *Wend.* 204, a parent bargained to receive $100 for the services of his child from the age of sixteen to twenty-one years. He was permitted to recover on *quantum meruit* for the services actually rendered, the contract being void under the statute.

Indeed, in every case in which a recovery has been permitted on the common counts under these conditions, there

has been money advanced under the contract, or labor or materials furnished for the benefit of defendant or his property. *Lockwood* v. *Barnes*, 3 *Hill* 128 ; *Gray* v. *Hill*, *Ry. & M.* 420 ; *Williams* v. *Bemis*, 108 *Mass.* 91.

Thus, if one puts improvements upon land which he occupies as vendee, under a verbal agreement for a deed or devise, on failure of the other party to carry out the unenforceable agreement, he cannot recover the value of such improvements.

The reason is that the improvements were not made at the special instance or request of the vendor nor for his benefit.

Where, however, the improvements were put on at the special instance of the defendant and for the benefit of his estate, an action lies. *Smith* v. *Administrators of Smith*, 4 *Dutcher* 208.

The rule is illustrated in the case of *Dowling* v. *McKenny*, 124 *Mass.* 478. There was a parol agreement that plaintiff would finish a monument to order, and was to take in pay a lot of land and some cash. He completed the monument, which defendant refused to accept.

In an action brought for the value of the labor and materials supplied in completing the monument, the right to sue was disallowed.

The court said : " It is true that when a person pays money or renders services or makes a conveyance under an agreement within the prohibition of the statute of frauds, and the other party refuses to perform it, an action will lie to recover the money so paid or the value of the services rendered or the property conveyed ; but it is on the ground that a party who has received a benefit under an agreement which he has repudiated shall be held to pay upon an implied *assumpsit* for that which he has received.

" The defendant received no benefit from the labor performed in completing the monument, although the plaintiff may have suffered a loss."

Had this wood-chopper been delivered, or had work been done upon defendant's ground, by which some benefit accrued to defendant's property, the case would present a different

aspect, for then the value of such work or materials to the defendant would be recoverable. But in this case, as in the preceding, the title to the completed articles remaining in the plaintiff, no benefit whatever accrued to the defendant.

The judgment is reversed and a *venire de novo* awarded.