HENRY E. HOLBROOK *vs.* ELLERY P. CLAPP.

Norfolk.    November 25, 1895. — April 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Money paid — Statute of Frauds.*

In an action of contract on an account annexed, to recover money alleged to have been paid by the plaintiff at the defendant's request, it appeared that the plaintiff held a bond for a deed of a lot of land and was engaged in building a house and barn thereon for one A.; that the plaintiff and the defendant orally agreed that the defendant should take an assignment of the bond; that the premises should be conveyed to the defendant; that the defendant should furnish materials for the house, and that the plaintiff should complete it for A. as originally contemplated; that the defendant should raise what money he could by a mortgage of the place to a bank to pay the bills thereon ; that when the place was ready for A. the defendant was to convey it to the plaintiff, and to take from the plaintiff a second mortgage to indemnify himself against loss; and that all the things agreed upon were carried out, except that the defendant refused to convey the premises and to receive the second mortgage.  *Held,* that the action could be maintained.

CONTRACT on an account annexed, to recover certain sums of money alleged to have been paid by the plaintiff at the defendant's request.  Trial in the Superior Court, without a jury, before *Hammond,* J., who found for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

*J. Everett & S. H. Tyng,* for the defendant.

*E. F. Leonard,* for the plaintiff.

LATHROP, J.    This is an action of contract on an account annexed, to recover certain sums of money alleged to have been paid by the plaintiff at the defendant's request.  The plaintiff held a bond for a deed of a lot of land in Stoughton, and was engaged in building a house and a barn on the lot for one Tracy.  The plaintiff and the defendant orally agreed that the defendant

should take an assignment of the bond, that the premises should be conveyed to the defendant, that the defendant should furnish materials for the house, and that the plaintiff should complete it for Tracy as originally contemplated; that the defendant should raise what money he could by a mortgage of the place to a bank to pay the bills thereon, and when the place was ready for Tracy, the defendant was to convey it to the plaintiff, and to take from the plaintiff a second mortgage to indemnify himself against any loss. All the things agreed upon were carried out, except that the defendant refused to convey the premises and to receive the second mortgage.

The money paid which the plaintiff seeks to recover was paid without any express request of the defendant, and without the defendant's knowledge, and there was no expectation by the plaintiff at the time the sums were paid that they were the defendant's debts, or that the defendant should repay him. In the court below the defendant requested the judge to rule that under the plaintiff's declaration the plaintiff could not maintain his action without proof that the money was paid at the defendant's request. The judge refused so to rule, and found for the plaintiff; and the only exception which has been argued by the defendant is the one to the refusal of the judge to rule as above requested.

While it is incumbent upon the plaintiff, in an action of this kind, to prove that money is paid at the request of the defendant, it is not necessary to show any express request, but it is sufficient if the circumstances are such that the law will imply a request. *Winsor* v. *Savage*, 9 Met. 346. *Mansfield* v. *Edwards*, 136 Mass. 15. *Brown* v. *Fales*, 139 Mass. 21. There is no doubt that on the facts of this case the judge was warranted in finding an implied request on the part of the defendant. As was said by Mr. Justice Devens in *Kneil* v. *Egleston*, 140 Mass. 202, 204, "It is reasonable to infer that the party failing to perform that which he had agreed to do, and yet which he might lawfully do, promised that, if he availed himself of his right of rescission, he would return that which he received, and that the value received or retained by him was so received only on these terms."

The plaintiff could not enforce his contract, and compel the

defendant to convey the land to him, on account of the statute of frauds, and so the defendant can retain possession of the land. The defendant has received a benefit under an agreement which he has repudiated; and under such circumstances it is well settled that he is liable to pay for what he has received. *Williams* v. *Bemis*, 108 Mass. 91. *White* v. *Wieland*, 109 Mass. 291. *Dix* v. *Marcy*, 116 Mass. 416. *Root* v. *Burt*, 118 Mass. 521. *Riley* v. *Williams*, 123 Mass. 506, 509. *Parker* v. *Tainter*, 123 Mass. 185. *Dowling* v. *McKenney*, 124 Mass. 478, 481. See also *Bacon* v. *Parker*, 137 Mass. 309, 311.          *Exceptions overruled.*