JOSEPH B. KELLEY vs. MOSES W. THOMPSON.

Essex.    January 17, 1902. — March 27, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Contract*, Implied. *Frauds*, Statute of.

In an action on a note for $500 payable in two years from date, the defendant declared in set-off for $381 had and received as "discount on milk at four cents per can," and offered to show an oral agreement made at the time the note was given whereby the defendant was to buy milk of the plaintiff paying twenty-eight cents a can and the plaintiff was to allow the defendant a discount of four cents a can when the note was paid. The evidence was excluded. *Held*, that the exclusion was right. The four cents a can rebate stipulated for by the oral agreement could not be recovered in any event, since such recovery would involve the enforcement of a contract within the statute of frauds where the statute had not been complied with; and the only ground on which anything could be recovered under the declaration in set-off would be, that the oral contract was repudiated by the plaintiff because incapable of proof by reason of the statute of frauds, and that the defendant under it had paid the plaintiff more than the market value of the milk, the excess being paid for something which the defendant had not received. There having been no offer to show that twenty-eight cents was more than the market value of a can of milk, there was no ground for admitting the evidence offered.

CONTRACT on a promissory note for $500 dated October 1, 1892, and payable two years from date, being the same case reported at an earlier stage in 175 Mass. 427. Writ in the Second District Court of Essex dated October 18, 1897.

The defendant filed a declaration in set-off, as stated by the court, of which the eighteenth item was the only matter in controversy. The case came by appeal to the Superior Court. At the second trial in that court, before *Mason*, C. J., the evidence of an oral agreement, which was held in the decision reported in 175 Mass. 427 to be inadmissible in set-off by reason of the statute of frauds and to have been admitted improperly, was again offered and was excluded by the judge; who ruled that the evidence offered would not sustain the defendant's count for money had and received, and directed a verdict for the plaintiff for the whole amount claimed by him. The defendant alleged exceptions.

*H. J. Cole*, for the defendant.

*J. Wiggin*, for the plaintiff.

Loring, J.　This was an action on a note for $500 in which the defendant filed a declaration in set-off, containing a count for money had and received and one on an account annexed. The only item in the account annexed now insisted on is item eighteen : " To discount on milk at 4 cents per can, $381.68." In the count for money had and received, the plaintiff seeks to recover the same amount as money received to his use. The case has been before this court before, *Kelley* v. *Thompson*, 175 Mass. 427.　It was there decided that evidence of an oral agreement between the plaintiff and the defendant, whereby the defendant was to buy milk of the plaintiff and pay twenty-eight cents a can therefor and the plaintiff was to allow the defendant a discount of four cents a can when the note sued on was paid, should not have been admitted.　The ground on which that conclusion was reached, was, that, as a defence to the note, it varied a written contract and as an independent cause of action in set-off it was within the section of the statute of frauds, which requires contracts, not to be performed within a year, to be in writing ; it was a contract not to be performed within a year, because the note was payable two years after the date of the oral agreement, which was contemporaneous with the note.　The case went back to the Superior Court and on a second trial the same evidence was offered and excluded and the defendant comes here on an exception to the ruling of the judge in refusing to admit it.

The defendant now contends " the rule of law to be that where two parties have made an agreement which is invalid by reason of the statute of frauds and one party has paid money or other valuable consideration relying upon said invalid agreement, that if this agreement is repudiated by the party who has received the money, that the party paying the money can recover the sum in an action of assumpsit for money had and received," and cites *Thompson* v. *Gould*, 20 Pick. 134 ; *Cook* v. *Doggett*, 2 Allen, 439 ; *Williams* v. *Bemis*, 108 Mass. 91 ; *White* v. *Wieland*, 109 Mass. 291 ; *Dix* v. *Marcy*, 116 Mass. 416 ; *Root* v. *Burt*, 118 Mass. 521 ; *Parker* v. *Tainter*, 123 Mass. 185 ; *Holbrook* v. *Clapp*, 165 Mass. 563 ; *Miller* v. *Roberts*, 169 Mass. 134.

But the rule established by the cases cited by the defendant is not accurately stated by him, and does not support his contention in this case.

That rule is that if a plaintiff has paid money, conveyed property, or rendered services under an oral agreement within the statute of frauds, which agreement the defendant wholly refuses to perform, he can recover the money paid, or the value of the property conveyed, or of the services rendered ; in that case there is a total failure of consideration and the plaintiff can recover the value of any benefit inuring to the defendant as a result of the transaction. To the cases cited by the defendant may be added *Basford* v. *Pearson*, 9 Allen, 387 ; *Pulbrook* v. *Lawes*, 1 Q. B. D. 284 ; *Riley* v. *Williams*, 123 Mass. 506 ; *Dowling* v. *McKenney*, 124 Mass. 478 ; *O' Grady* v. *O' Grady*, 162 Mass. 290 ; and see *Kneil* v. *Egleston*, 140 Mass. 202, 204 ; and *Holbrook* v. *Clapp*, 165 Mass. 563, 564, 565. And further, where the plaintiff has performed his agreement in whole, but the defendant has performed his agreement in part only, and a benefit inures to the defendant as a result of the transaction, the plaintiff can recover on an implied promise to the extent of that benefit. *Williams* v. *Bemis*, 108 Mass. 91. *White* v. *Wieland*, 109 Mass. 291. *Dix* v. *Marcy*, 116 Mass. 416. *Miller* v. *Roberts*, 169 Mass. 134. The ground of recovery in that case is that the defendant has got the plaintiff's property without having fully paid for it, or that the plaintiff has paid the defendant in advance without receiving a *quid pro quo*. A recovery is had on the same principles as that given to a contractor who has erected a building on the defendant's land for which he cannot recover under the contract between him and the owner of the land, and which was recently discussed at length in *Gillis* v. *Cobe*, 177 Mass. 584.

In this case the defendant, in his declaration in set-off, is not seeking to recover from the plaintiff on the ground that he had not received a *quid pro quo* for the money paid the plaintiff. What the defendant is insisting on here is that he has not had the discount orally agreed upon. That is what the statute of frauds says he cannot have, since the agreement was made by word of mouth only ; and what the statute forbids is equally forbidden whether the defendant seeks to enforce the contract directly by suing on it, or to enforce it indirectly, by seeking to recover back what, if the contract had been valid, would have been an overpayment.

In this case, the defendant did not seek to recover on the broad ground that the plaintiff had got his money without having rendered a *quid pro quo* for it; there was no offer to prove that twenty-eight cents a can could not be taken to be the value of a can of milk. Had he offered to prove that fact and sought to recover the difference between the twenty-eight cents paid by him and the true value of a can of milk, the evidence excluded would have been admissible to show that the milk was delivered and the money paid under an agreement within the statute, not for the purpose of enforcing the oral contract either directly or indirectly, but for the purpose of showing that the money had been paid, not for the milk only, but also for another consideration which had not been performed under an agreement which could not be enforced. *Basford* v. *Pearson*, 9 Allen, 387, 391. Under these circumstances, if the money was paid for something other than the milk and could not be taken to have been a payment for the milk, the defendant could recover in set-off on an implied agreement to refund to the extent to which the defendant had not had a *quid pro quo* for the money paid by him.

It should be added that the rule established by the cases cited by the defendant is not to be resorted to as a means of getting indirectly the benefit of a trade within the statute of frauds, where the statute has not been complied with; if that were to be allowed, the door would be opened to the very frauds, which the statute of frauds was passed to prevent, and the statute would be rendered nugatory. The only reason for ever letting a plaintiff show the oral agreement in such a case, is that, unless this were permitted, the statute would be made the instrument of perpetrating a fraud; it is a fraud for a party to receive performance, in whole or in part, of a contract within the statute of frauds, and when sued on it, to set up the defence of the statute and keep, without paying therefor, what he received under the oral contract; to prevent that fraud, evidence of the receipt by the defendant of value under an oral agreement, for which, as a matter of market value, apart from the trade made by word of mouth, he has not given a *quid pro quo* is allowed; but such evidence is not competent for any other purpose.

*Exceptions overruled.*