ALBERT F. DEMONTAGUE vs. SOLOMON BACHARACH
& another.

Suffolk.    March 4, 1904. — January 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND,
LORING, & BRALEY, JJ.

*Contract*, Implied: common counts. *Frauds, Statute of. Evidence*, Pleadings in
another case. *Attorney at Law. Damages.*

If an action is brought to recover money paid under an oral contract not to be per-
formed within a year, wrongfully terminated by the defendant at the end of ten
months, and after a verdict for the plaintiff exceptions of the defendant are sus-
tained by this court on the ground that the plaintiff has not shown that the oral
contract has been made unenforceable by the defendant setting up the statute of
frauds, and thereupon the plaintiff brings an action on the oral contract in
which the defendant sets up the statute as a defence, in a new trial of the first
action the plaintiff may put in evidence the record in the second action to show
that the defendant has set up the statute as a bar to an action on the contract,
and thus recover on the common count, although the setting up of the statute is
in another action brought after the date of his writ.

In an action to recover the consideration paid under an oral contract, unenforce-
able by reason of the defendant having set up the statute of frauds when sued
on it, the plaintiff can introduce in evidence the writ and pleadings in an action
brought by him upon the oral contract to show that the defendant in that action
set up the defence of the statute. The pleadings themselves until the record is
extended constitute the only record of the case.

The preparation and filing of pleadings are presumed to be within the scope of the
employment of an attorney at law appearing for a party to an action, and the
statement of a ground of defence in an answer or demurrer must be held to be
binding on the defendant, at any rate until the attorney is shown to have acted
without authority.

The statute of frauds is a bar to an action for a breach of an oral contract not to
be performed within a year, although the contract partly has been performed
before the breach.

In an action for money paid under an oral agreement by which the plaintiff was to
carry on a restaurant for a period of two years in connection with a bar room
of the defendant, if it appears, that the defendant wrongfully terminated the
arrangement at the end of ten months and when sued by the plaintiff for dam-
ages set up the statute of frauds, and, if it further appears, that the defendant
received from the plaintiff payments of money to a large amount under the oral
contract during the ten months before he repudiated it, the plaintiff in suing on
the common counts is not entitled to recover necessarily the same amount of
money that he paid, as the jury may find that the plaintiff derived benefit from
the privilege of carrying on the restaurant in the bar room while he enjoyed it,
which exceeded any benefit received by the defendant from the restaurant being

carried on in connection with the bar, so that the damages to be recovered, if any, must be ascertained by an estimation of all these elements; and for this purpose the plaintiff can show that the privilege of carrying on the restaurant was worthless unless the defendant paid an agreed percentage on liquor sold there and that the defendant had not done this.

If one carrying on a restaurant in connection with the bar room of another at the request of the proprietor of the bar room employs and pays an additional servant to work at the bar preparing liquor to be served and drunk in the restaurant, and if on demand by the restaurant keeper for compensation on this account the proprietor of the bar room promises an adjustment of his claim, the proprietor of the bar room can be found to be liable to the restaurant keeper for the extra expense thus incurred.

If one carrying on a restaurant in connection with the bar room of another, upon complaint by the proprietor of the bar room that customers at the restaurant who desire liquor are. not served promptly, furnishes, or performs personally in superintendence, services in the restaurant in regard to the serving of liquor without any promise of the proprietor of the bar room to pay for them, the services are voluntary and cannot support an action of contract for labor performed and furnished.

CONTRACT upon an account annexed of forty-seven items, twenty-five items for ten per cent of the gross receipts of a restaurant paid by the plaintiff to the defendants amounting to $430.43, ten items for money paid for gas bills amounting to $218.76, nine items for money paid for electric light bills amounting to $89.03, one item for money paid for one half of the salary of a porter amounting to $128, one item for extra help employed by the plaintiff for the benefit of the defendants amounting to $287, and one item for labor performed and furnished by the plaintiff as superintendent at the request of the defendants amounting to $375. Writ dated August 21, 1899.

At the first trial of this case before *Aiken,* J. the jury returned a verdict for the plaintiff, and the defendants alleged exceptions which were sustained by this court in a decision reported in 181 Mass. 256. After the bringing of the action mentioned in the opinion, in which the defendants demurred to the declaration on the ground that the plaintiff alleged an oral contract that was not to be performed within a year, this case again was tried before *Aiken,* J., who, at the close of the plaintiff's case, ordered a verdict for the defendants on all the items of the account. The plaintiff alleged exceptions.

The case was argued at the bar in March, 1904, before *Knowlton,* C. J., *Morton, Hammond, Loring,* & *Braley,* JJ., and afterwards was submitted on briefs to all the justices.

*James J. McCarthy,* for the plaintiff.

*H. H. Baker,* (*H. M. Williams* with him,) for the defendants.

BRALEY, J. At the time of the verbal contract between the parties, the defendants were in occupation of a furnished restaurant and liquor saloon in which they were doing business as common victuallers. It then was mutually agreed that the plaintiff, during the remaining two years of the written lease under which the defendants held the premises, should have the privilege of conducting the restaurant expressly for his own profit, while the defendants retained control of the portion used for the sale of liquors. They also were to pay him one tenth of all receipts for liquor sold and served at his tables, until he began his payments to them, when this amount was to be increased to one fifth. The plaintiff engaged to furnish all materials and labor required in his business, and also to pay one half the salary of a porter in their employment, and all bills for gas used on the leased premises. But he was not to pay rent or other compensation until his undertaking had become sufficiently profitable to permit it, when the defendants were to receive one tenth of his gross receipts.

The exceptions recite that " about the last of June, 1899, . . . and after the plaintiff had run the restaurant about ten months, . . . he was compelled to stop by the defendants ; that the agreement made between him and the defendants was broken and repudiated by the defendants without fault on his part, and that full performance of the contract was prevented by the defendants," and " no payments of any kind ever have been made by the defendants to the plaintiff, and nothing of value other than the use and enjoyment of the premises and utensils ever has been received by the plaintiff from the defendants." It further appears that during this time the plaintiff made the payments called for by the contract.

In the litigation that followed to recover the money paid, it was held that the plaintiff could not prevail, for the reason that he could not rescind the contract, as it was impossible for him to return the benefit received. Nor could the action be maintained to recover what he had paid. For if the contract was oral, and within the statute of frauds, and it had been broken by the defendants, yet the statute had not been pleaded, and until

this defence had been interposed the contract could be enforced, and an action would not lie to recover the consideration. *DeMontague* v. *Bacharach*, 181 Mass. 256.

Following this decision, the plaintiff brought a second action to recover damages for breach of the contract, to which the defendants by demurrer set up the defence that it was within the prohibition of the statute of frauds. But no further steps were taken, and the plaintiff then proceeded to try again the first action, which is the case now before us.

The pleadings, so far as they are material, consist of a count on an account annexed of forty-seven items, to which the answer is a general denial, and it is admitted by the plaintiff that of these all but eleven are for payments made by him under the contract. In the bill of exceptions no reasons are stated on which the ruling that the plaintiff could not recover was given. The inference, however, is that the evidence offered was excluded, and a verdict for the defendants finally was ordered, on the plaintiff's evidence, because it was open to the defendants under their answer to assert, that he had failed to prove that any of these items constituted a cause of action, as they were covered by an express contract. *Rodman* v. *Guilford*, 112 Mass. 405. *McDonald* v. *Sargent*, 171 Mass. 492.

Up to this point of the trial, whenever reached, there was no occasion for the plaintiff to prove that the defendants had resorted to the statute; but when it appeared that this part of the declaration was covered by the contract, the plaintiff was obliged either to amend by declaring on the contract itself, if it was still in force, or submit to a verdict to this extent in the defendants' favor. Instead of amending he sought to prove that the defendants had avoided the contract by setting up this defence in the action on the agreement. *Mullaly* v. *Austin*, 97 Mass. 30, 33. *DeMontague* v. *Bacharach*, *ubi supra*.

For this purpose the plaintiff offered in evidence the writ and pleadings in that case, which were excluded on the objection of the defendants, who now insist that it was not open to the plaintiff to show a resort by them to the statute, unless pleaded in the action on trial. They further claim that this evidence was incompetent as proof that they had availed themselves of such a defence in the second action.

It has been held that the statute cannot be relied on unless pleaded, *Middlesex Co.* v. *Osgood*, 4 Gray, 447, *Graffam* v. *Pierce*, 143 Mass. 386, *Brown* v. *Magorty*, 156 Mass. 209, and the better practice undoubtedly is to declare at the same time not only on the contract, but also upon the appropriate common count if this defence is anticipated. Yet a general denial, where the latter alone was used, placed the burden of proof on the plaintiff, who could, under an account annexed, introduce the contract that had been repudiated to prove payments made by him under its terms; and although it was not in issue on the face of the pleadings, he could not prove his case without its appearing in evidence. *Basford* v. *Pearson*, 9 Allen, 387, 391. *Mullaly* v. *Austin, ubi supra*. *Fitzgerald* v. *Allen*, 128 Mass. 232, 234.

After the former decision the declaration might have been amended by adding a count covering the issue raised by the second action, but the plaintiff, at least in the absence of a plea in abatement, could pursue the defendants by separate actions founded upon different legal conceptions of his cause of action. If the first action had been for damages for breach of the contract, instead of for money paid, and upon the statute being interposed judgment had been entered for the defendants, and a second action then had followed to recover the consideration, the last action would not have been defeated because it did not appear by the pleadings therein that the defendants relied upon such a defence.

In this case the order of trials was reversed, and the plaintiff cannot recover without proving that the defendants repudiated the contract by a reliance on the statute. But they could not prevent his recovery by simply omitting to set up the statute in their answer; as pleading such a defence here would be clearly inappropriate and mere surplusage. After the former decision which gave them the power of choice either to abide by the contract, or to avoid it, an election to avoid, regularly and properly pleaded by way of demurrer in the second action in which this issue alone arose, was sufficient.

When an action at law is brought, and prosecuted in the usual manner, the appearance of counsel for the defendant, and the preparation and filing of proper pleadings, are presumed to be regular, and strictly within the scope of the attorney's em-

ployment. Such acts, so far as they definitely fix the legal grounds of his client's defence must be held to bind his principal at least until it is shown that he acted without authority. *Loomis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 39, 44.   *Currier* v. *Silloway,* 1 Allen, 19.   *Gordon* v. *Parmelee,* 2 Allen, 212.   *Jones* v. *Howard,* 3 Allen, 223, 224.

Until formally extended the papers offered in evidence were the only record of the case, and showed that the defendants had pleaded the statute.   Nor does it appear that after this had been done there was any denial of the apparent authority of their counsel, or refusal by them to be bound by the action taken. *Bogle* v. *Chase,* 117 Mass. 273, 275.

The cases of *Dennie* v. *Williams,* 135 Mass. 28, and *Farr* v. *Rouillard,* 172 Mass. 303, on which the defendants rely as authorities for the exclusion of the evidence, were actions against a constable, and the sureties on his bond, to enforce the payment of a judgment recovered against him.   To prove that he had acted by virtue of his office, the plaintiff offered in evidence the answer in the original action in which such an allegation had been made.   It was held that the answer was not evidence against the constable, as it did not appear that his attorney had been particularly instructed to make such defence.

But in neither case was any general rule formulated that pleadings, signed by an attorney, in another action, were to be held inadmissible for any purpose in subsequent litigation between the parties.

In the case at bar the record was not offered to prove the truth of allegations of fact stated in a pleading, but to show the fact that the defence of the statute had been set up in the other action.

When once taken, the plaintiff had a right to regard this defence as expressing an unconditional act that barred the maintenance of that action, and authorized him to treat the agreement as unenforceable.   *Williams* v. *Bemis,* 108 Mass. 91, 93.   See *Freeman* v. *Foss,* 145 Mass. 361.

In the opinion of a majority of the court, it was competent for him to prove by the record of the subsequent case that the defendants had pleaded the benefit of the statute, and the exclusion of this evidence was wrong.

If it had been admitted, the plaintiff would have shown with the accompanying proof that the defendants had received payments of money to a large amount from him, under an oral contract which they had refused to perform fully, and that could not be enforced by reason of the statute of frauds. Pub. Sts. c. 78, § 1, cl. 5. They thus had rendered further performance by him impossible, and there is left for discussion the extent to which the plaintiff can recover the payments made.

Although the contract had been repudiated while in the course of performance, and there was only a partial failure of consideration, it was not taken out of the statute, and he could not maintain an action at law for damages. *Kidder* v. *Hunt*, 1 Pick. 328. *Thompson* v. *Gould*, 20 Pick. 134, 138. *Hill* v. *Hooper*, 1 Gray, 131, 133. *Marcy* v. *Marcy*, 9 Allen, 8, 12. See *Bassett* v. *Percival*, 5 Allen, 345, 347.

As the benefit of the statute is not waived, and the contract, though partly executed, thus becomes unenforceable, so the extent to which it has been performed affects only the measure of recovery. The defendants were at liberty to perform fully; but by choosing to stop with a partial performance, and then resorting to the statute, they cannot retain the entire consideration which was paid to them on the basis of a full performance, unless it appears that the plaintiff has received an equivalent for the benefit conferred upon them. *Dix* v. *Marcy*, 116 Mass. 416, 417, and cases cited. *Miller* v. *Roberts*, 169 Mass. 134. See also in this connection *Riley* v. *Williams*, 123 Mass. 506; *Kelley* v. *Thompson*, 181 Mass. 122, 124.

If the plaintiff, though not in default, cannot enforce the contract itself, but must declare on one of the common counts, or on an account annexed, in order to recover the money paid, he may not be able to recover the entire amount. A jury might find that he derived some benefit at least from the privilege which he was allowed to enjoy for nearly a year. While the defendants must compensate him for any benefit they have received, yet this is ascertained after deducting the value of what he already has obtained, and may result in their favor, if it is found to be sufficient to offset what he has paid. Or they may be required to return the whole, or a part, of the money paid to them. He is entitled therefore to maintain his action as to the

items that include this sum for the purpose of determining this question, and the defendants cannot rely upon a contract which they have avoided as a bar to such an accounting. *Williams* v. *Bemis,* 108 Mass. 91. *White* v. *Wieland,* 109 Mass. 291. *Dix* v. *Marcy,* 116 Mass. 416. *Dowling* v. *McKenney,* 124 Mass. 478, 481. *Fitzgerald* v. *Allen,* 128 Mass. 232. *Freeman* v. *Foss,* 145 Mass. 361. *Kelley* v. *Thompson,* 181 Mass. 122.

It also is plain that the evidence offered by the plaintiff, and excluded, to the effect that the privilege of carrying on the restaurant was worthless unless the defendants paid the percentage on liquor sold, which they had not done, became relevant and admissible, as it tended to prove the value of their partial performance of the agreement. *Dix* v. *Marcy* and *Dowling* v. *McKenney, ubi supra.*

This leaves for consideration the remainder of the declaration which, with the exception of item forty-five for money paid as one half of the salary of a porter, is composed of items thirty-six to forty-seven inclusive, and of these all but two are for money paid by the plaintiff on account of electric lighting and repairs of electrical apparatus and fixtures. But as he was content to leave them with no evidence to support his contention that the defendants were liable to repay him, a verdict on these items in their favor was ordered rightly.

In item forty-six he seeks to recover disbursements for additional domestic service, and in item forty-seven for the value of labor either furnished or performed by him in superintendence, under requests made at different times by the defendants and upon their complaint that customers who desired liquor were not-served promptly.

From the plaintiff's uncontradicted evidence it could have been found that the sale of liquors in connection with the business of the restaurant, though of benefit in retaining a class of customers that otherwise might not have patronized him, was of greater profit to the defendants. If an examination of the whole case makes it obvious that both parties from the beginning contemplated that the business of each should be managed with a proper regard for the success of the other, yet in conducting the restaurant, the retention and increase of this patronage may have been of greater importance to the defendants than to him.

Under such conditions if no increase of help in his branch of the enterprise was required, but, at the request of the defendants and to facilitate and increase their traffic, he employed and paid an additional servant who worked at the bar, preparing liquor to be served and drunk in the restaurant, when such service should have been rendered by them, and in response to a demand made for payment they did not deny liability, but promised an adjustment of his claim, a contract to pay for the service shown by this item fairly could be found. At least the question whether such a contract had been proved should have been submitted to the jury. The labor performed and furnished under item forty-seven was voluntary, and no express or implied promise to pay therefor appears, and the verdict on this item must stand. *Gassett* v. *Glazier*, 165 Mass. 473, 480, and cases cited. See *Devine* v. *Murphy*, 168 Mass. 249, 251.

The exceptions must be sustained and a new trial ordered on all the items covered by the contract, and also on item forty-six, and they are overruled as to the other items.

*So ordered.*