TIMOTHY MURPHY *vs.* JEFFREY J. O'CONNELL.

SAME *vs.* JEFFREY J. O'CONNELL, administrator.

Middlesex.   November 20, 1913. — May 25, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Exceptions.

Where, upon an exception to the refusal of a presiding judge to make a ruling as
to the legal effect of certain facts if they should be found by·the jury, the evi-
dence reported and described in the bill of exceptions does not warrant a finding
of these facts by the jury, the exception must be overruled, because it does not
appear that there was any occasion for the ruling requested.

LORING, J.   These two actions were tried together.   Both are
brought to recover the reasonable value of services rendered by the
plaintiff as janitor of a building owned by Hannah Connors during
her lifetime.   The defendant was administrator of her estate.
The second action was brought against the defendant as adminis-
trator and covered a period of six years, seven months and a half
before the intestate's death, while the first action was brought
against the defendant personally and covered a period of two years
and half a month after the intestate's death.

The plaintiff had a verdict in each action.   Three rulings were
asked for by the defendant at the trial.*   The first † was given, and
the second ‡ and third were refused.   No one of the three was perti-
nent to the first action, that is, the action against the defendant

---

* Before *Keating,* J.

† This ruling was as follows: "1. In order to recover, the plaintiff is bound
to satisfy the jury by a fair preponderance of the evidence that the defend-
ant's intestate, Hannah Connors, entered into an agreement with the plain-
tiff whereby the plaintiff was to render certain services to be paid for by the
defendant's intestate in her will."

‡ "2. If the jurors are satisfied that the plaintiff agreed with the defend-
ant's intestate, Hannah Connors, to do the work-performed by him in con-
sideration of his receiving rent free the premises occupied by him in her
building, and further find that the defendant's intestate stated to the plain-
tiff in connection with his making the agreement that she would leave him
a legacy in her will, then their verdict must be for the defendant."

personally. Of the two rulings refused one only (the second) is now insisted upon. We treat the other as waived.

It is apparent from the bill of exceptions, which does not purport to set forth all the evidence, that the ground on which the plaintiff sought to recover in the action against the administrator was that he had been induced to perform the services performed by him by a promise of the intestate that he should be paid for them in part by a legacy in her will.. It appeared that she died intestate. We infer that the defendant as administrator of her estate had set up in defense of the plaintiff's claim against the estate that the intestate's oral agreement to pay for the services by will was not binding by reason of R. L. c. 74, § 6; and thereupon this action had been brought to recover the value of the services which the intestate thus had secured without paying for them, under the doctrine explained in *Kelley* v. *Thompson,* 181 Mass. 122, and *De Montague* v. *Bacharach,* 181 Mass. 256; *S. C.* 187 Mass. 128.

The plaintiff testified that the intestate promised to pay him for his services in part by giving him a tenement for a part of the time at half the rent of it and for the rest of the time free of rent; and in part by leaving him a legacy in her will. The administrator introduced evidence that the trade between the intestate and the plaintiff was that he should perform the services performed by him in exchange for half the rent otherwise due for part of the period and for his whole rent for the rest of the period.

In the evidence put in by the plaintiff at the trial there was testimony to the effect that the intestate had said that the plaintiff "will not lose anything by it," meaning by "it" the work he was then performing for her. The defendant's contention is that by reason of this testimony and the fact that on the plaintiff's story no price for the plaintiff's services was agreed upon at any time, the jury could have found that the actual agreement was that the plaintiff was to be paid by the arrangement as to rent, and that what the intestate said as to a legacy was that she would leave him a legacy by way of a gratuity and not as part of the contract under which the plaintiff was to act as janitor for the building. And, if that was the fact, R. L. c. 74, § 6, was a bar to an action on the promise and the plaintiff could not recover on it or under the doctrine of *Kelley* v. *Thompson, ubi supra.* That

is to say, if the jury did so find, the verdict should be for the defendant.

We are of opinion that the evidence in the case did not call for an instruction on the legal result of such a finding. Under these circumstances it is not necessary to consider whether the second ruling asked for ought to have been understood by the judge to be a request for a ruling to the effect now contended for by the defendant. The result is that the exceptions must be overruled in both actions; and it is

*So ordered.*

The case was submitted on briefs.

*C. A. McDonough,* for the defendant.

*D. T. Dickinson & A. S. Apsey,* for the plaintiff.