## BENJAMIN H. GREEN *vs.* HENRY H. LEVENSON.

Suffolk.    March 13, 1922. — April 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Broker*, Commission.    *Agency.*    *Practice, Civil*, Exceptions.

In an action against the owner of real estate for a commission for procuring a customer for the real estate, there was evidence warranting a finding that an agent of the defendant authorized the plaintiff to negotiate a sale of the real estate for which he was to receive a commission of "three per cent" of the "sale price" and that the plaintiff found a customer "who was ready, willing and able to purchase the real estate on the terms and conditions stated" by the defendant's agent but that the defendant refused to sell to the customer on those terms. The defendant moved that a verdict be ordered for him on the ground that the customer was willing to purchase only an option to acquire the real estate. The motion was denied. *Held,* that
    (1) The plaintiff was not required to prove that a binding contract had been made between the defendant and the customer;
    (2) It was a question of fact for the jury whether the plaintiff had been thus employed as well as whether he had earned a commission.

Exceptions will not lie to the refusal of requests for rulings which were predicated on facts which the jury would not have been warranted in finding on the evidence.

In the above described action, where it was contended by the defendant that the plaintiff was barred from recovery because, unknown to either the buyer or the seller, he had acted for both in the transaction in question, and where the judge instructed the jury that, if the plaintiff at all times was acting as a possible purchaser of the property he could not recover, it was *held* that on the evidence the instruction safeguarded the defendant's rights.

CONTRACT for $1,035, alleged to have been earned by the plaintiff for procuring a purchaser of real estate owned by the defendant. Writ dated August 19, 1920.

In the Superior Court the action was tried before *Fox*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor and also requested certain rulings which are described in the opinion. The judge denied the motion and refused to rule as requested. The jury returned a verdict for the plaintiff in the sum of $862.50; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. J. Kaplan & J. E. Peakes*, for the defendant.
*E. M. Dangel & R. Gallagher*, for the plaintiff.

BRALEY, J. The defendant's first contention on his motion for a directed verdict is that the plaintiff failed to perform the service for which he was employed because the customer whom he produced was willing only to pay a sum of money to purchase the right to acquire the property, and there could be no recovery of a commission. But the jury well could find on the evidence of the plaintiff that the plaintiff and the defendant, acting by his agent Joseph Levenson, authorized the plaintiff to negotiate a sale of the land for which he was to receive a commission of "three per cent" of the "sale price." And that, acting under the agreement, he found "a purchaser by the name of Brandt who was ready, willing and able to purchase the real estate on the terms and conditions stated." The defendant, however, then refused to enter into the agreement of sale at the price fixed by Joseph Levenson.

It appeared that during the negotiations between the plaintiff and Brandt the defendant claimed to have sold the property to one Seligman. And the judge, when referring to this aspect of the case, gave the following instructions to which the defendant took no exceptions. "So that, as to what occurred subsequently, — as to the fact that Mr. Seligman subsequently executed an agreement to buy the property, that he was in fact at that time the representative of Mr. Brandt in the purchase of it, and that it was the plaintiff Green who got Brandt interested in this property, I do not understand that there is any essential dispute. The question is whether Green was employed by the defendant as his agent to find a purchaser for this property."

The plaintiff was not required to prove that a binding contract had been made between the defendant and Brandt, and it was a question of fact for the jury whether the plaintiff had been thus employed as well as whether he had earned a commission. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. *Brilliant* v. *Samelas*, 221 Mass. 302. *Edward T. Harrington Co.* v. *Waban Rose Conservatories*, 222 Mass. 372.

The requests that "If the customer produced by the plaintiff or as a result of his efforts was willing only to pay a sum of money for an option to purchase the property . . . then the plaintiff is not entitled to recover," and that, "If the customer produced by the plaintiff or as a result of his efforts was willing only to pay a sum of money for an option to purchase the property . . . then

the plaintiff is entitled at most to a commission on the amount paid to secure such option," were denied rightly. The record wholly fails to show that Brandt was willing to pay for an option to purchase, and according to the defendant's own evidence his agreement in writing with Seligman was for an out and out sale which was never consummated. The defendant was not entitled to rulings which could not be sustained on any reasonable view of the evidence, or on facts which the jury would not have been warranted in finding. *Morse, Williams & Co.* v. *Ellis,* 172 Mass. 378. *Murphy* v. *O'Connell,* 218 Mass. 105.

It is also argued that the plaintiff is barred because unknown to either he acted for both buyer and seller. *Quinn* v. *Burton,* 195 Mass. 277. The instruction that if the plaintiff at all times was acting as a possible purchaser of the property he could not recover, safeguarded the defendant's rights, resting very largely if not wholly, on his own evidence.

*Exceptions overruled.*