SID S. COOPER *vs.* MICHAEL PANTAGES, alias.

Suffolk.    January 18, 1924. — February 29, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Broker*, Commission.    *Practice, Civil*, Appeal.    *Evidence*, Materiality.

At the trial of an action in the Municipal Court of the City of Boston for a commission as broker in selling a market for the defendant, the testimony was conflicting.    The judge found for the plaintiff and reported to the Appellate Division testimony which tended to show that the defendant agreed in writing to sell the market to the plaintiff " or his appointy " for a certain sum and to pay the plaintiff a certain sum for his commission and services; that within eight days thereafter the plaintiff procured a purchaser who made a deposit and had on hand the balance of the amount set by the defendant as the purchase price; that the plaintiff immediately informed the defendant that he had sold the market to the proposed purchaser, but that the defendant then refused to sell.    *Held*, that a finding for the plaintiff was warranted.

At the trial of the action above described, it was proper to exclude evidence offered by the defendant to prove that the brokerage contract between the plaintiff and the defendant was made as a subterfuge to cheat the defendant's brother, no issue of fraud having been raised by the pleadings.

CONTRACT for a commission as a broker in procuring a purchaser for a market of the defendant.    Writ in the Municipal Court of the City of Boston dated March 29, 1922.

Material evidence at the trial in the Municipal Court is described in the opinion. The defendant asked for the following rulings:

" 1. Upon all the evidence plaintiff cannot recover.

" 2. Upon all the evidence plaintiff cannot recover for any commission alleged due him as set forth in his declaration."

The trial judge found for the plaintiff in the sum of $150 and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*S. Susser,* for the defendant.

No argument nor brief for the plaintiff.

DECOURCY, J. The plaintiff, a real estate broker and business chance agent, brought this action in the Municipal Court to recover a commission for procuring a purchaser of the defendant's grocery and meat market, and the finding was in his favor.

We cannot say that there was error in the judge's refusal to give the defendant's requests for rulings. The report contains only the conflicting testimony, without any findings of fact; and the general finding for the plaintiff must stand if there was any evidence to warrant it. There was testimony that the defendant on March 8, 1922, agreed in writing to sell the business to the plaintiff " or his appointy," for $1,500, and to pay the plaintiff $150 for his commission and services; that on March 16 one Barbatti was secured as a purchaser by Cooper, made a deposit of $50, and had on hand the balance of the $1,500; that Cooper immediately informed the defendant he had sold his store to Barbatti, but the defendant refused to sell. This testimony, if believed, entitled the plaintiff to recover. *Green* v. *Levenson,* 241 Mass. 223.

The offer to prove that the brokerage contract was made as a subterfuge to cheat the defendant's brother, was excluded rightly. No such issue of fraud was raised by the pleadings. Further, the offer of proof merely went to the motive of the parties in making an admitted and legal contract.

*Order dismissing report affirmed.*